## In re ADOPTION OF A MINOR.
### No. 8396.

United States Court of Appeals for the District of Columbia.

Decided June 14, 1943.

Miss Hazel E. Horton, of Washington, D. C., with whom Mr. Bennett Crain and Miss Rosalind Skehan, both of Washington, D. C., were on the brief, submitted the case on the brief for appellant.

Mr. Samuel F. Beach, of Washington, D. C., with whom Mr. Leslie C. Garnett, of Washington, D. C., was on the brief, submitted the case on the brief for appellee.

Before GRONER, Chief Justice, and MILLER, and VINSON, Associate Justices.

MILLER, Associate Justice.

This appeal arose from a decision of the District Court, in a proceeding upon a petition by appellee for adoption of the infant daughter of appellant. The mother of the infant, formerly the wife of appellant, presently the wife of appellee, filed her consent to the adoption. An application that the proceeding be stayed was filed on behalf of appellant. Several grounds were urged in the application, including: [1] that his ability to defend was seriously affected by reason of his military service; [2] that he intended to contest the allegations of the petition for adoption. The trial court denied the application, without findings or opinion. Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940[1] provides as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, *and shall, on application* to it by such person or some person on his behalf, *be. stayed* as provided in this Act, *unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by*

*reason of his military service."* [Italics supplied]

 It is contended, in support of the trial court's action, that appellant is not involved, within the meaning of the Act, either as plaintiff or defendant. In our opinion, the contention is without merit. The intention of Congress and the purpose of the statute require a liberal interpretation of the word *defendant.* Under such circumstances, we are not bound to apply the word in its narrow, formal sense.[2] It is obvious that Congress was concerned, in the enactment of this legislation, with the protection of persons in military service.[3] The use of the words "either as plaintiff or defendant" was intended to expand, rather than to limit, the scope of the protection afforded by the Act. Many other words are customarily used to describe parties to litigation, as, for example, petitioner, respondent, appellant, appellee, libelant, complainant, intervenor. It is not reasonable to assume that Congress intended to limit the benefit of the Soldiers' and Sailors' Civil Relief Act to persons who chance to fall within two of these various designations; or make their exemption depend upon the fortiutous circumstances that one name, or the other, was used in enacting legislation concerning a particular court or a particular proceeding. This conclusion is supported, moreover, by the fact that the Act speaks of "any action or proceeding." *Proceeding* is a word of broader meaning than *action,*[4] especially when it is used, disjunctively,

[1] 54 Stat. 1178, 1181, 50 U.S.C.A. Appendix, § 521.

[2] See Mason City & Ft. D. R. Co. v. Boynton, 204 U.S. 570, 579, 27 S.Ct. 321, 51 L.Ed. 629; Automobile Brokerage Corp. v. United States, 59 App.D. C. 243, 244, 39 F.2d 288, 289; In re Chicago, M., St. P. & P. R. Co., D.C., 50 F.2d 430, 434; Wallace v. Adams, 8 Cir., 143 F. 716, 728, affirmed 204 U.S. 415, 27 S.Ct. 363, 51 L.Ed. 547; Atlantic Mut. Ins. Co. v. Alexandre, D.C., 16 F. 279, 281; Malley v. Altman, 14 Wis. 22, 24, 26–27.

[3] Boone v. Lightner, 63 S.Ct. 1223, 87 L. Ed. ——, decided June 7, 1943: "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence

when one's rights or liabilities are being adjudged is usually prima facie prejudicial." Royster v. Lederle, 6 Cir., 128 F. 2d 197, 199.

[4] See, for example, Tutun v. United States, 270 U.S. 568, 577, 46 S.Ct. 425, 427, 70 L.Ed. 738: "Whenever the law provides a remedy enforceable in the courts according to the regular course of legal procedure, and that remedy is pursued, there arises a case within the meaning of the Constitution, whether the subject of the litigation be property or status. A petition for naturalization is clearly a proceeding of that character." Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 349, 47 S.Ct. 389, 390, 71 L.Ed. 676: "There are two methods to compel payment. One is suit, a judicial proceeding; the other is distraint, an executive proceeding. The word 'proceeding' is aptly and commonly used to comprehend steps taken in pursuit of either. There is nothing in the language or context that indicates an

with action.[5] And, customarily, words describing participants in proceedings are less formal than those used to describe participants in actions.

■ It is contended, also, that appellant is not an indispensable party to the adoption proceeding. The Act does not speak in terms of *indispensable* parties. Presumably, one who is a *proper* party to a proceeding, and whose rights or interests may be affected by its determination, is entitled to the benefit of the Act. It is significant, in this respect, that the adoption law of the District of Columbia[6] requires that proceedings thereunder " * * * shall bring fully before the court for consideration the *interests* of the adoptee, the *natural parents*, the petitioner, and any other properly interested party." [Italics supplied] It requires that the court shall issue a rule which shall be directed "to all parties to the petition who do not appear and consent to the adoption." It is significant, also, that the petition for adoption in the present case prayed, specifically, that such notice be given; that appellant was named in the petition as the natural father; and designated as the person upon whom service should be made as "the father of the aforesaid infant."

■ We conclude that the language of the Soldiers' and Sailors' Civil Relief Act of 1940 contemplated and included a proceeding such as the present one. It would be difficult to imagine a case in which the interests of a service-man would be more seriously affected than one calculated to deprive him of his child, and to make some other person, by act of law, a father in his place. His interests will be as seriously affected, by the determination reached in this proceeding, as they could possibly be in any proceeding which, pursuant to the chance of applicable rules, might require formal designation of parties as plaintiff and defendant. The implications of such a determination were succinctly stated by Justice Vinson, speaking for this court, in Barnes v. Paanakker:[7] "When the adoption of a child is sought, a decision ordering or denying the same affects the lives of the child, his natural parent, and his prospective adoptive parents. Rights of custody, control, and inheritance are affected. To say that a decision ordering or denying an adoption is fraught with deep and serious social significance is but to state the obvious."

■ As previously noted, the Act makes mandatory the staying of a proceeding, when application is made on behalf of one in military service, " * * * *unless*, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service." [Italics supplied] This language made it the duty of the trial judge to inquire, and find, whether or not the ability of appellant, in the present case, to conduct his defense was materially affected by reason of his military service[8]. But the court made no finding upon the point. The evidence in the record, and, particularly, the uncontested affidavit of appellant's commanding officer, dated May 19, 1942, make it clear, beyond dispute, that the ability of appellant to conduct his defense was materially affected by reason of his military service.[9]

intention to restrict its meaning, or to use 'suit' and 'proceeding' synonymously." Hale v. Henkel, 201 U.S. 43, 66, 26 S.Ct. 370, 375, 50 L.Ed. 652: "While there may be some doubt whether the examination of witnesses before a grand jury is a suit or prosecution, we have no doubt that it is a 'proceeding' within the meaning of this proviso. The words should receive as wide a construction as is necessary to protect the witness in his disclosures, whenever such disclosures are made in pursuance of a judicial inquiry, whether such inquiry be instituted by a grand jury, or upon the trial of an indictment found by them. The word 'proceeding' is not a technical one, and is aptly used by courts to designate an inquiry before a grand jury." Hyattsville Bldg. Ass'n v. Bouic, 44 App.D.C. 408, 413.

5 Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 349, 351, 352, 47 S.Ct. 389, 71 L.Ed. 676; United States v. New Departure Mfg. Co., D.C., W.D.N.Y., 195 F. 778; Strom v. Montana Cent. Ry. Co., 81 Minn. 346, 84 N.W. 46, 47; State v. District Court of Lewis & Clarke County, 33 Mont. 138, 82 P. 789; Reyburn v. Handlan, 165 Mo. App. 412, 147 S.W. 846, 847.

6 D.C.Code (1940) § 16—201 et seq.

7 72 App.D.C. 39, 42, 111 F.2d 193, 196.

8 Boone v. Lightner, 63 S.Ct. 1223, 87 L.Ed. —, decided June 7, 1943.

9 Stone v. Stone, — U.S.App.D.C. —, 136 F.2d 761, decided May 24, 1943; Walker v. Warner, 31 App.D.C. 76, 87; George v. Capital Traction Co., 54 App. D.C. 144, 147, 295 F. 965, 968.

Under the circumstances, it was the duty of the trial court so to find.

Reversed.

VINSON, Associate Justice, sat during the argument of this case; concurred in the result, when it was considered in conference, but resigned from the court before the opinion was prepared.