In re REALTY ASSOCIATES SECURITIES
CORPORATION.
No. 45024.

District Court, E. D. New York.

Jan. 8, 1944.

See, also, 53 F.Supp. 1010, 1012, 1013.

Halpin & Keogh, of New York City (Eugene J. Keogh and Edward S. St. John, both of New York City, of counsel), for trustees.

George Zolotar and Kiva Berke, both of New York City, for Securities and Exchange Commission.

Lewis, Marks & Kanter, of Brooklyn, and Julius Silver, of New York City (Jack L. Rappaport, of New York City, of counsel), for Bondholders Protective Committee.

Percival E. Jackson, of New York City (Theodore N. Tarlau, of New York City, of counsel), for John Vanneck and others.

Herrick & Feinstein, of New York City (Abraham Feinstein, of New York City, of counsel), for Bondholders' Directors' Committee.

Archibald Palmer, of New York City, for Anna A. and Catherine Kuhlmann.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Auchincloss, Alley & Duncan, of New York City (Charles R. Lowther, of New York City, of counsel), for debtor.

Newman & Bisco, of New York City (David Barnett and Leo P. Cappelletti, both of New York City, of counsel), for Manufacturers Trust Co.

MOSCOWITZ, District Judge.

The trustees of the debtor have applied for instructions as to the appointment of an attorney to represent all parties who do not appear in this proceeding personally or by attorney and who are or may be in the military service of the United States at any time during the pendency of this proceeding. The application in substance seeks a determination as to whether or not the Soldiers' and Sailors' Civil Relief Act, Section 200, 50 U.S.C.A.Appendix, § 520, applies to a proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

Section 100 of the statute, 50 U.S.C.A. Appendix, § 510, provides that the purpose of the Act is to suspend the enforcement of civil liabilities of persons in the military service of the United States and to provide

for the temporary suspension of legal proceedings and transactions which might prejudice the civil rights of persons in said service.

Section 200, subdivision (1), of the statute, 50 U.S.C.A.Appendix § 520(1), provides that in any action or proceeding commenced in any court, if there be a default in appearance by the defendant, the plaintiff before entering judgment shall file an affidavit showing the defendant is or is not in military service or that the plaintiff is not able to determine whether or not he is in such service. The section further provides that no judgment shall be entered unless an affidavit is filed showing that the defendant is not in military service, without first securing an order of the court, but no order shall be made if the defendant is in such service until the court shall have appointed an attorney to represent the defendant. The statute provides that the court may require, as a condition before judgment, that the plaintiff file a bond to indemnify the defendant against any loss or damage that he may suffer by reason of any such judgment should that judgment thereafter be set aside.

Section 200, subdivision (3), of the same statute provides that in any action or proceeding in which a person in military service is a party, if such party does not personally appear or is not represented by an authorized attorney, the court may appoint an attorney to represent him, in which case a like bond may be required and an order made to protect the rights of such person. In connection with such appointment, the statute also provides that no attorney appointed under the Act shall have the power to waive any right of the person for whom he is appointed.

Section 200, subdivision (4), provides that if a judgment be rendered in an action or proceeding governed by this section against a person in the military service and it appears that such person was prejudiced, the judgment may, upon application made within 90 days after the termination of such military service, be opened by the court rendering the same and the defendant let in to defend, provided it appears that the defendant has a meritorious or legal defense to the action, but that vacating, setting aside or reversing any judgment because of any of the provisions of the statute shall not impair any right or title acquired by a bona fide purchaser for value.

From the purposes of the statute it would appear that Congress intended to protect any persons in the military service against any personal liability where such person had no opportunity to appear in the action either in person or through personal counsel, and that where the failure of a person to make such appearance is due to the fact that he is in the military service, his civil rights shall not be prejudiced. The provisions of section 200, subdivision (1) of the statute are consistent with such purpose. By barring the entry of a judgment against a person in the military service who is a defendant unless counsel is designated by the court, Congress has provided that the legal requirements shall be followed prior to the entry of any judgment. By further providing in subdivision (4) of the same section an opportunity for application to be made by the person in military service upon his return to civil life to reopen the proceeding if he has a meritorious defense. Congress has also provided against any possible miscarriage of justice if the facts which may be solely in the knowledge of the defendant justify a different judgment.

In a case involving a plaintiff against an individual defendant in the military service, it is clear that the provisions of section 200, subdivision (1) and subdivision (4) are mandatory upon the court and restrict the court's power to enter a judgment until there has been full conformity with the provisions of the statute.

The provisions of subdivision (3) of section 200, however, are permissive, and presumably Congress in writing this section contemplated that in all proceedings not covered by subdivision (1) of section 200, the court, in its discretion, may appoint an attorney to represent any parties who are in the military service.

A proceeding for reorganization under Chapter X of the Bankruptcy Act does not appear to fall into the category of cases contemplated by the mandatory provisions of section 200, subdivision (1). The parties to such a proceeding are neither plaintiffs nor defendants in the ordinary understanding of such terms. The instant proceeding was commenced by the filing of a voluntary petition and to that extent the debtor is a petitioner and the creditors the respondents. Had the proceeding been instituted by an involun-

tary petition, the creditors would stand in the position of the petitioners and the debtor would then be the respondent. The application of the statute with respect to the right to file proofs of claim, the administration of the estate, the right to vote, the right to be heard, would all apply in a similar fashion regardless of whether the petition had been voluntary or involuntary. The interchangeability in status of the creditors and the debtor depending upon the manner in which the proceeding was instituted indicates, in part at least, a lack of similarity with the situation contemplated by the provisions of section 200, subdivision (1). Further, in such a proceeding no liability is being enforced against the person in military service. On the contrary, his rights are being enforced against the debtor.

Moreover, if the provisions of the mandatory section were deemed applicable to a Chapter X proceeding, no action taken during the course of the proceeding could be treated as having any finality, for in each case the action of the court on any application made on notice to creditors would be subject to being set aside by application subsequently made by any of the creditors who might be in the military service.

To be sure, difficulty in administration would not justify any action which might prejudice the civil rights of any persons in military service, but it would appear that the purpose of the statute, namely, the protection of such civil rights, is fulfilled without the appointment of special counsel, where, as in the present case, creditors holding similar claims against the estate have appeared in the proceeding. Any action taken by them with respect to a plan of reorganization is essentially taken in a representative capacity, for the rights of all bondholders are similar in character. Several bondholders' committees have appeared in this proceeding. To that extent, therefore, it seems apparent that the rights of any creditors who may be in the military service, in the enforcement of their bonds against the debtor, will be amply protected by other creditors who have appeared or will appear in this proceeding either in person or by counsel and by the trustees and their attorneys. There is apparently no prejudice which can be suffered by any persons in military service in these circumstances and it would appear to be an unreasonable interpretation of

the statute to suspend in effect the right of any reorganization to any creditors or to any debtors because of the fact that any of the creditors may be in military service.

The applicability of section 200, subdivision (1), to a proceeding for reorganization of the debtor under Chapter X of the Bankruptcy Act has not been passed upon previously. However, the Securities and Exchange Commission has advised the court that in this Circuit the practice in reorganization proceedings involving real estate has been to designate an attorney to represent parties who may be in the military service. The reason for such designation has been to eliminate any objection by title companies to the validity of these proceedings in connection with the transfer of real estate titles or assignments of mortgages. The trustees of this debtor have informed the court that at least one title company has stated that it would not insure any title to real property where such title was in a corporation during reorganization where no attorney was appointed to represent creditors who had been in the military service. The creditors' attorneys who appeared at the hearing which was held on this application recommended that such an attorney be appointed in order to avoid any delay which may ensue in connection with the sale of titles to real estate and mortgages which represent a substantial part of this estate.

Although the objection of the title companies does not constitute any adjudication as to the applicability of the statute and is without merit and this court is of the opinion that there is no requirement that an attorney be appointed, since such appointment would probably expedite the administration of the estate, the court will appoint an attorney under the permissive provisions of section 200, subdivision (3). From the provisions of the statute it is clear that such attorney may not file any proof of claim on behalf of any such persons who may be in military service and further, that he may not vote on their behalf and he may not waive any rights of such persons. As indicated, however, such appointment will in all probability facilitate the administration of this estate and for that reason an attorney will be designated to represent all creditors who are or may be in the military service. The court wishes to make it clear that the refusal by the court to appoint an attorney

in Chapter X proceedings to represent parties who may be in the military service cannot affect the validity of such proceeding, or the validity of any transfer of real estate or other property, or the validity of any assignment of mortgages.

The trustees are directed, therefore, to submit an order on notice, providing for such appointment.