UNITED STATES of America, Plaintiff,

v.

293.530 ACRES OF LAND, MORE OR LESS, SITUATED IN TOOELE COUNTY, STATE OF UTAH, and Auerbach Realty Co., Inc., et al., and Unknown Owners, Defendants.

No. C–194–53.

United States District Court, D. Utah, Central Division.

Jan. 14, 1955.

A. Pratt Kesler, U. S. Atty., and Llewellyn O. Thomas, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff.

C. C. Parsons, A. D. Moffat, Calvin A. Behle, Dickson, Ellis, Parsons & McCrea, Salt Lake City, Utah, for Auerbach Realty Co.

CHRISTENSON, District Judge.

This is a condemnation action in which are involved three classes of defendants: those personally served with summons, those known defendants who have been served by publication and those unknown defendants whose possible interest in the subject-matter of the suit has been subjected to the jurisdiction of the Court by publication of summons.

A number of defendants have defaulted. Before signing a proffered form of judgment, the question is whether I should require the filing by plaintiff of the affidavit referred to by Section 200 of the Soldiers' and Sailors' Civil Relief Act. 50 U.S.C.A. Appendix, § 520(1). It is therein provided that:

"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interests, and the court shall on application make such appointment. * * *"

There are also provisions concerning bonds and other requirements not mandatory in form. We are not concerned with these at this time. If any affidavit filed shows that none of the defendants are in the military service, no further action would be required prerequisite to the entry of the judgment. If such affidavit should indicate uncertainty as to whether there were any defendants in military service, as might well be the case particularly in reference to unknown defendants and as to known record owners who cannot be located, the Court in the exercise of its discretion might deem the possibility of impairing any right remote, and could accordingly direct the entry of judgment without further provision if the facts warranted. If the affidavits should show affirmatively that a defendant were in the military service, appropriate action could be taken with this in view. We are not now concerned with these contingencies, but only with the question of whether the

Court should insist upon the affidavit being filed in the first instance.

Such affidavit has not been filed. It has been suggested by way of justification that: (1) the provisions cited are not mandatory and that failure to file would not be jurisdictional; and (2) that the Act does not apply to actions "in rem" such as this condemnation suit.

That failure to file the affidavit would not deprive the Court of jurisdiction to enter judgment (which in such event might be voidable only) has been indicated in various State Court decisions. In this limited sense the provisions of the Act appear not mandatory. Snapp v. Scott, 196 Okl. 658, 167 P.2d 870; Hynds v. City of Ada ex rel. Mitchell, 195 Okl. 465, 158 P.2d 907. In passing it would seem that much difficulty might be avoided in filing the affidavit in the first instance rather than courting the possibility of having the judgment later set aside as at least voidable upon the motion of a defendant in military service.

However, we are not concerned retrospectively with the effect of an inadvertent failure to file. At this point we are concerned with whether a United States District Court should follow the express requirement of the law in the first instance when a proposed default judgment is specifically before it for signing. That the Court should endeavor to follow the law under such circumstances does appear mandatory. The fact that the Government of the United States as party plaintiff is the party to whom the obligation is directed, and that the United States Attorney, charged with the enforcement of the law, is the representative of the plaintiff in this particular suit, does not appear to make the provision any less mandatory.

The cases cited in support of Proposition 2 are not in point, nor are they persuasive. In re Realty Associates Securities Corporation, D.C.E.D.N.Y., 1944, 53 F.Supp. 1015, 1017, was a reorganization proceeding under the Bankruptcy Act wherein the trustees of the debtor applied for instructions as to the appointment of an attorney to represent all parties who might be in military service. In holding that the Soldiers' and Sailors' Civil Relief Act did not there apply, the Court added, "Further, in such a proceeding no liability is being enforced against the person in military service. On the contrary, his rights are being enforced against the debtor." In re Baltimore & O. R. Co., D.C.Md.1945, 63 F.Supp. 542, 569, there was involved an action for railroad readjustment under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. The readjustment of the financial condition of the railroad would either extend the maturity date of outstanding securities or reduce the interest rates in some instances, or both. No suggestion for the appointment of an attorney was timely made. In addition, the Court commented: "Moreover, we think there was no necessity for such an appointment. The very nature of the case requires careful independent consideration by the court with respect to the rights and interests of all security holders affected by the plan * * *." These cases are entirely different than the case at bar.

In re Adoption of a Minor, 1943, 78 U.S.App.D.C. 48, 136 F.2d 790, 791, the father of a minor filed an application that the proceeding be stayed. The application was denied and the father appealed. The judgment was reversed by the Appellate Court. The Court stated:

"It is contended, in support of the trial court's action, that appellant is not involved, within the meaning of the Act, either as plaintiff or defendant. In our opinion, the contention is without merit. The intention of Congress and the purpose of the statute require a liberal interpretation of the word defendant. Under such circumstances, we are not bound to apply the word in its narrow, formal sense. It is obvious that Congress was concerned, in the en-

actment of this legislation, with the protection of persons in military service. The use of the words 'either as plaintiff or defendant' was intended to expand, rather than to limit, the scope of the protection afforded by the Act. * * * His interests will be as seriously affected, by the determination reached in this proceeding, as they could possibly be in any proceeding which, pursuant to the chance of applicable rules, might require formal designation of parties as plaintiff and defendant."

In the present action we need not further speculate as to the situation where parties are not named as such. Here, we have both party plaintiff and parties defendant in the usual sense of the term.

It was inferred in Re Realty Associates Securities Corporation, supra, and it has been urged here that the statute does not apply to any case in which a personal liability is not asserted. I cannot concur. The statute by its terms is not so limited. It is just as important to permit a serviceman to retain property to which he is entitled, or to obtain just compensation for it, as it is to prevent others from obtaining a money judgment against him. It is no answer to say that no one will be injured in this particular case. It apparently is the view of Congress, not without reason, that the best assurance against this is that the statute be complied with to the extent of having the available facts presented in the form of the required affidavit. If the Act does not apply to actions in rem, or to those involving service of summons by publication, the maximum prejudice which the Act was especially intended to avoid would be invited. Servicemen out of the state, or otherwise in poor position to have knowledge of, or means to defend against, the claims of others, in many cases would be finally cut off in their rights without notice of the proceedings or benefit of the Act in any respect. It

is not reasonable to think that this was intended.

The signing and entry of judgment will not be further considered until the required affidavit is filed.