Coral L. KOCH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1252.

United States Court of Veterans Appeals.

April 20, 1993.

Coral L. Koch, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, were on the pleadings, for appellee.

Before MANKIN, IVERS and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Coral L. Koch appeals the March 20, 1991, Board of Veterans' Appeals (BVA) decision which denied recognition as a surviving spouse for dependency and indemnity compensation (DIC) purposes. The Secretary of Veterans Affairs filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). We affirm.

## I. BACKGROUND

On February 4, 1937, appellant married Norman Clyde Hergert, a sailor in the United States Navy. On March 1, 1942, the veteran was declared missing in action when the ship on which he was stationed was lost due to enemy action. The veteran was presumed dead on November 25, 1945. On January 2, 1946, the appellant, as plaintiff in the action, was granted a final judgment of divorce from the then deceased veteran, *nunc pro tunc* as of November 26, 1941. (*Nunc pro tunc* is defined as acts allowed to be done after the time when they should be done, with a retroactive effect. *See* BLACK'S LAW DICTIONARY 1069 (6th ed. 1990)).

On April 6, 1942, appellant married Eugene Posey who also served in the military. Appellant states that after their marriage she did not have contact with Mr. Posey for twenty months and she presumed that he was a casualty of the war. The marriage ended on April 24, 1944, the date a final judgment of divorce was entered on her behalf. Ms. Koch stated that she learned of the divorce from Mr. Posey in 1990, but the divorce decree indicates that Ms. Koch was the plaintiff in the divorce action.

Appellant married Eugene Koch on November 5, 1943. This marriage ended upon the death of Mr. Koch on June 12, 1987.

Appellant filed a DIC application on November 2, 1989, and claimed she is the widow of the veteran Norman Hergert. The Department of Veterans Affairs (VA) Regional Office (RO) denied entitlement to DIC benefits because she did not meet the requirements for basic eligibility. A VARO hearing was held on July 19, 1990. Appellant testified that she was not aware that a final judgment of divorce had been entered in her marriage to Mr. Hergert, indicating that she initially learned of the divorce decree in 1990. She further testified that she thought she was free to marry Mr. Posey since Mr. Hergert was presumed dead. On September 7, 1990, the hearing officer decision denied appellant DIC benefits. The BVA, in its March 20, 1991, decision, concluded that appellant and the veteran were not married to each other at the time of veteran's death, and thus appellant could not be recognized as his surviving spouse for DIC purposes. *Coral Koch*, BVA 91–09007 (Mar. 20, 1991).

## II. ANALYSIS

In order for a spouse of a veteran to qualify for DIC the requirements of 38 U.S.C.A. § 101(3) (West 1991) for "surviving spouse" must be met. A surviving spouse is defined, in part, as

a person of the opposite sex *who was the spouse of a veteran at the time of the veteran's death,* and who lived with the veteran continuously from the date of marriage to the date of the veteran's death ... and who has not remarried....

38 U.S.C.A. § 101(3) (emphasis added). According to the divorce decree, appellant was divorced from the veteran when he was declared missing in action on March 1,

1942. When the divorce decree was issued "nunc pro tunc," it was effective as of November 26, 1941, which preceded both the date that the veteran was declared missing in action and the date he was presumed dead. Thus, appellant cannot be a surviving spouse under 38 U.S.C.A. § 101(3).

 Appellant wishes to invoke the protective language appearing in the Soldiers' and Sailors' Civil Relief Act (Act), 50 U.S.C.App. § 520 (1990), which states that a default judgment (such as the divorce decree in the instant case) could not be entered against a veteran on active duty unless the veteran was represented by counsel. The purpose of the Act is to protect a person in the military service against the consequences of a default judgment. *See United States v. Kaufman,* 453 F.2d 306 (2d Cir.1971); *In re Realty Assoc. Sec. Corp.,* 53 F.Supp. 1015 (E.D.N.Y.1944). The Act protects the interests of the absent military litigant, not the spouse, and only the serviceperson may invoke the Act in his or her defense.

Accordingly, the BVA decision is **AFFIRMED.**