[Civil No. 3378. Filed March 21, 1934.]

[30 Pac. (2d) 850.]

GERTRUDE I. STEINTORF, Appellant, v. THE SECURITY TRUST & SAVINGS BANK OF YUMA, ARIZONA, a Corporation, Insolvent; S. W. ELLERY, Superintendent of Banks of the State of Arizona, Ex-officio Receiver Thereof, Appellees.

Mr. J. Fred Hoover, for Appellant.

Mr. William H. Westover and Mr. R. N. Campbell, for Appellees.

ROSS, C. J.—This action was instituted by Paul B. Steintorf to establish a preference against the assets of the Security Trust & Savings Bank of Yuma, an insolvent, and against S. W. Ellery, state superintendent of banks and *ex-officio* receiver thereof. The case was tried to the court, and after plaintiff rested, on motion of defendants, judgment was rendered denying plaintiff a preference.

This judgment was entered October 22, 1932. No motion for a new trial was made within ten days, the time fixed by statute in which such a motion "shall be made." Section 3850, Rev. Code Ariz. 1928. On December 10, 1932, this judgment was on motion of plaintiff vacated and immediately re-entered. This was done to give plaintiff an opportunity to file a motion for a new trial, which he did. This motion was denied on the same day.

On February 6, 1933, there was filed in the action a purported assignment, unverified, of plaintiff's cause of action to Gertrude I. Steintorf. The latter made no application to the court to be made a party, and no order substituting her for Paul B. was ever entered.

The notice of appeal, dated February 8, 1933, is from the judgment of October 22d and the order of December 10, 1932, overruling the motion for a new trial, and is made in behalf of Gertrude I. Steintorf as assignee of plaintiff. The bond on appeal is signed by her as principal and plaintiff, and is conditioned that she "will pay all costs that may be adjudged against her in said suit, during its pendency or at the final determination thereof, and judgment for said costs may be ordered against us

(herself and surety), and each of us, in the final judgment of this cause.''

This bond does not contain, as the law provides it shall, an estimate by the clerk of the court of the probable costs.

In view of these facts, there is first to be determined the question of jurisdiction to pass upon the merits of this appeal. It seems that every step taken to appeal was irregular and some of them, as we shall see, fatally erroneous. The judgment appealed from had been vacated. Another judgment at a later date had been entered. The bond on appeal is not conditioned as provided by the statute and is not for double the probable costs as estimated by the clerk of the court (section 3664). It is signed by a party as principal who was not originally a party to the action and was never by any court procedure or order made a party. A person may not without some action by the court in which a proceeding or action is pending project himself into it by filing therein what may or may not be a genuine assignment of some interest in the subject matter of the litigation. He cannot by himself substitute himself for a party plaintiff or defendant. A substitution must be with the sanction of the court, and generally upon notice to the opposite party. Section 3772 of the Code provides that:

'' . . . Upon a transfer of interest, the action may be continued in the name of the original party, or the court may allow the substitution of the transferee. Upon the . . . transfer of interest, any party may make and file with the clerk an affidavit of such . . . transfer and suggest the names and residences of proper new parties caused thereby, and the court may order such persons to be made parties to the action and that a summons issue directed to such persons.''

This provision of the statute clearly contemplates action by the court, and there was none in this case.

The purported assignment is not verified. It has attached to it an acknowledgment, but there is a wide distinction between an acknowledgment and a verification.

Under the Codes, applications for substitution are ordinarily made by motion, the facts being set forth in the motion, and the opposite party or interested party given notice thereof, whereupon a hearing is had, and if the facts warrant it the order of the court for the substitution is made. 47 C. J. 163, § 300 et seq.

Perhaps since the two judgments entered against plaintiff were identical the appeal from the one that had been vacated might be treated as a mere irregularity; and perhaps, under the liberal terms of section 3675 of the Code, the defects in the appeal bond might be cured by the filing of ''a new and sufficient bond'' upon terms, if the person who executed it had been a party to the suit by order of substitution. But, so far as the record shows, Gertrude I. Steintorf was at the time she gave the bond and the notice of appeal a stranger to the action and not a party aggrieved by the judgment in the cause as required by section 3658.

Under the provisions of section 3772, *supra,* a party acquiring an interest in the subject matter of the litigation *pendente lite* may continue the suit in the name of the original party, or he may ask to be substituted for such party and continue the suit in his own name. But is it necessary that he do one or the other? If it was intended to continue the action in the name of the original party, then the notice of appeal and bond on appeal should have been given in such party's name, which was not done. And because there was no substitution of parties, the appeal notice and bond were given and made by a stranger to the record.

The right of appeal is statutory, and one appealing must not only show that he is a party, but that he is an aggrieved party, and in addition thereto make an effort to perfect his appeal by giving notice and bond. This Paul B. Steintorf failed to do, and Gertrude I. Steintorf, not being a party, could not do. We therefore conclude that we are without jurisdiction to review the case on its merits. The case should be dismissed.

LOCKWOOD and McALISTER, JJ., concur.