[Civil No. 4779. Filed November 5, 1945.]

[162 Pac. (2d) 909.]

F. L. SHIRE, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF GREENLEE, Respondent.

Mr. D. V. Mulhern, for Petitioner.

No appearance for Respondent.

MORGAN, J.—This case comes before us on original application for a writ of *certiorari*. Pursuant to the writ heretofore issued, the record has been filed, but no appearance has been made by the respondent. The facts upon which the claim is made that the court exceeded its jurisdiction, may be stated as follows:

One Dell M. Potter commenced a civil action No. 1999–B, in the superior court of Greenlee county against the petitioner, in the nature of an action in ejectment to try the title and right to possession of certain mining claims. Following the institution of the action, plaintiff died. More than two years elapsed after his death. No motion was made for substitution as provided in Section 21–530, Arizona Code Annotated 1939. The defendant (petitioner here) moved to dismiss the action under the terms of the statute. While the motion was pending, one Olive Potter filed verified motion to continue hearing on the motion to dismiss upon the grounds that she, Dell D. Potter, Lloyd V. Potter and Ray M. Potter were the heirs at law of the plaintiff and the parties succeeding to plaintiff's in-

terest in the suit; that Ray M. Potter was in the military service of the United States, and Lloyd V. and Dell D. Potter were engaged in United States defense work; that neither of such parties were available, and that they were the ones who were informed of the facts involved in the suit. The motion for continuance did not disclose whether the two-year period had expired before Ray M. Potter entered the military service. No application was made for substitution under the provisions of Section 21–530, *supra,* or otherwise. The trial court thereupon entered an order directing that defendant's motion to dismiss be continued for the duration of the war, and for six months thereafter, within which time the heir in the military service might appear, and if no appearance is made, the cause to stand dismissed within six months after the war.

The sole question presented is the jurisdiction and discretion of the court to enter such order on the showing made.

The section of the statute involved, 21–530, being Rules of Civil Procedure, rule 25(a), so far as material, reads as follows:

"(1) If a party dies and the claim is not thereby extinguished, the court within two (2) years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 (secs. 21–321—21–325) and upon persons not parties in the manner provided in Rule 4 (secs. 21–302—21–312) for the service of a summons."

■■ Insofar as substitution is concerned, it contains provisions similar to that appearing in Section 3772, Revised Code 1928. We held in *Steintorf* v. *Security T. & S. Bank,* 43 Ariz. 298, 30 Pac. (2d) 850,

under Section 3772, *supra,* that substitution of a party must be with the sanction of the court, and generally upon notice to the opposite party. As the rule now appears, substitution exists as a matter of right within two years after death of the party. If, during such period, substitution is not made, it would seem to be the mandatory duty of the court to dismiss the action. The court would not be authorized to order substitution after the two-year period unless perhaps in cases where motions had been made for substitution prior to the termination of that period and not acted upon by the court. It seems obvious that neither Olive, Lloyd V. nor Dell D. Potter, as heirs at law of the plaintiff or otherwise, could be substituted after the two-year period, no application therefor having been made prior to its termination. This view, however, would not apply to Ray M. Potter who is in the military service of the United States, provided the two-year period had not expired before his entry into the service. By virtue of the Soldiers and Sailors' Civil Relief Act of Congress, 50 U. S. C. A. Appendix, § 501 *et seq.,* the two-year period would be extended to cover his military service following the expiration of the two-year period and three months thereafter within which to file a motion for substitution. Title 50 U. S. C. A. Appendix, §§ 521, 524 and 525 which, so far as pertinent, read, respectively, as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

"Any stay of any action, proceeding, attachment, or execution, ordered by any court under the provisions of this Act may, except as otherwise provided, be ordered for the period of military service and three months thereafter or any part of such period, and subject to such terms as may be just, whether as to payments in installments of such amounts and at such times as the court may fix or otherwise. Where the person in military service is a codefendant with others the plaintiff may nevertheless by leave of court proceed against the others."

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, . . . by or against any person in military service, . . . whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, . . . ."

In the case of *Halle* v. *Cavanaugh*, 79 N. H. 418, 111 Atl. 76, the court had occasion to consider the 1918 Soldiers' and Sailors' Act, 50 U. S. C. A. Appendix, § 101 *et seq.*, containing provisions similar to those above quoted. The plaintiff in an action died. Her executor failed to qualify within the period provided by law. Her husband was in the military service. He was a party in interest entitled to substitution. The court held that the husband had two full terms of the court, after the death of the wife and exclusive of the time he was in the service, in which to appear as an individual and assume the prosecution of the suit. In other words, that for him as a party in interest, the time for substitution had been extended by virtue of the Federal Act to cover his military service, the two full terms of court not having expired prior to his entry.

It has been repeatedly held that this Act must be liberally construed to accomplish substantial justice and to protect interests of persons in the military serv-

ice. *Boone* v. *Lightner,* 319 U. S. 561, 63 Sup. Ct. 1223, 87 L. Ed. 1587, rehearing denied 320 U. S. 809, 64 Sup. Ct. 26, 88 L. Ed. 489; *Ridley* v. *Young,* 1944, 64 Cal. App. (2d) 503, 149 Pac. (2d) 76; *Royster* v. *Lederle,* 6 Cir., 1942, 128 Fed. (2d) 197.

■ The Act applies to state courts, and has the effect of extending the statute of limitations of a state or the time for performance of an act required by state law or rule. *New York Life Ins. Co.* v. *Litke,* 181 Misc. 32, 45 N. Y. Sup. (2d) 576.

■ It is also held that the phrase appearing in the law "either as plaintiff or defendant" is not to be construed as applying only to those who are actually plaintiffs or defendants in an action. Thus, the interest of one in the service, not strictly a party to the proceedings, may be protected under the statute. *In re Adoption of a Minor,* 78 U. S. App. 48, 136 Fed. (2d) 790. The rule appears to be that a liberal interpretation must be given to the words "plaintiff" and "defendant." They are not to be construed in their narrow formal sense, but cover those who are petitioners, respondents, movants or intervenors.

■ If an application for substitution had been made by or on behalf of the heir in the service, disclosing his entry therein while the statutory right of substitution existed, it seems to us that the lower court would have been entirely justified in postponing or denying defendant's motion to dismiss. No such application, however, was ever made, and may never be made. The court did not, on its own motion, order substitution and could not have done so on the showing made. While the Soldiers' and Sailors' Civil Relief Act must be construed to fully protect men in the service, it cannot be utilized merely as an instrument to delay proceedings for the benefit of those who do not come within its protection. We hold, therefore, that the court exceeded its jurisdiction in continuing de-

fendant's motion to dismiss. Since the time for substitution had obviously expired for all heirs except the one in the military service, and no application for substitution having been made by or on his behalf, and no showing that as to him the time had not expired, the court should have ordered the dismissal of the action without prejudice to the right, if any, of Ray M. Potter to move for substitution within ninety days after the termination of his military service.

The order of the superior court of April 15, 1944, in case No. 1999–B, continuing defendant's motion to dismiss, is hereby set aside, and the respondent is directed to enter an order sustaining the motion to dismiss without prejudice to the right, if any, of Ray M. Potter to move for substitution within three months after the termination of his military service.

STANFORD, C. J., and LaPRADE, J., concur,