[Civ. No. 7758.   Third Dist.   June 9, 1950.]

BARBARA A. KERRIN, Appellant, v. CYRIL N. KERRIN, Respondent.

W. P. Dwyer, Jr., for Appellant.

W. E. Wright for Respondent.

PEEK, J.—This is an appeal from a judgment denying recovery to the plaintiff wife of payments alleged to be due her from the defendant husband under the terms of a property settlement agreement.

From the findings of fact adopted by the trial court it appears that on January 7, 1945, the parties entered into a property settlement agreement wherein defendant husband agreed to pay $150 per month for the support of plaintiff and a minor son of the parties; that on March 6, 1945, defendant secured a decree of divorce in the State of Nevada, which decree ratified and affirmed the agreement; that on May 21, 1945, defendant was inducted into the United States Navy where he remained on active duty until December 21, 1945, when he was honorably discharged; that during the period of defendant's service in the United States Navy the plaintiff was allotted the sum of $67 per month for support of herself

and the minor child of the parties; that the defendant has fully performed the terms of the property settlement agreement except the payment to plaintiff of $581, which sum represents the difference between the payments provided for in the agreement and the monthly allotments received by the plaintiff during the period of defendant's active service in the United States Navy.

Lastly the court found that by reason of the Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stats. 1178, 50 U.S.C.A. § 501 et seq.) the terms and conditions of said agreement insofar as they concerned the payment of said sum of $581, were suspended, and that defendant was "forever released and relieved of the payment" thereof. The judgment was entered accordingly and this appeal followed.

The sole question raised by appellant, which is not contested by respondent, who has failed to file a brief, is whether the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. § 510 et seq.) operated to relieve defendant during his service in the United States Navy of his obligation under said agreement as ratified by the Nevada court.

The purpose of said act was not to provide for the discharge of civil liabilities of servicemen but to the contrary, as stated therein, was merely "to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions." (50 U.S.C.A. § 510; see *Stevens* v. *Stevens*, 88 Cal.App.2d 654 [199 P.2d 314].) We find nothing to the contrary in the Servicemen's Dependents Allowance Act of 1942. (37 U.S.C.A. §§ 201-202; see *Keen* v. *Goodwin*, 28 Wn.2d 332 [182 P.2d 697].)

It necessarily follows that since neither of said acts can be construed as relieving defendant from the obligations incurred by reason of the property settlement agreement and the subsequent order of the Nevada court, the judgment of the trial court by which defendant was "forever released and relieved of the payment of said sum of $581.00," cannot be sustained.

The judgment is reversed and the cause is remanded with instructions to the trial court to enter judgment in favor of plaintiff in the sum of $581.

Adams, P. J., and Van·Dyke, J., concurred.