## Malinowski v. Main

*Lloyd O. Hart*, for plaintiff.

*Francis H. Patrono*, for defendant.

CARSON, P. J., March 21, 1956.—On September 24, 1955, a complaint in trespass was filed by Raymond J. Malinowski and Barbara L. Malinowski, his wife, against Gerald Main alleging that defendant operated his automobile so negligently as to cause a collision with the automobile in which plaintiffs were traveling. The collision occurred near Claysville in this county. The wife plaintiff seeks compensation for her personal injuries and the husband plaintiff seeks compensation for the damage to his automobile.

It is averred that the accident happened on October 3, 1952. From that date to the present time the husband plaintiff has been in the military service of the United States. In his answer and new matter defendant sets up as a bar to the wife's claim the two year statute of limitations regarding personal injuries. Preliminary objections in the nature of a demurrer were filed by defendant to the cause of action of the wife plaintiff.

In the first place, defendant avers that the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, C 888, sec. 1, 54 Stat. 1178, infra, does not apply or inure to the benefit of the wife plaintiff. The statute of limitations in Pennsylvania for personal injury actions where death does not result is two years from the date of injury: Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34. Therefore, since the cause of action in trespass was not instituted until a period of over two years from the date of injury, the wife plaintiff's claim is absolutely barred unless the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 inure to her benefit.

That act provides as follows: "In order to provide for, strengthen, and expedite the national defense

under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, *of persons in the military service* of the United States . . .": Act of October 17, 1940, c. 888, sec. 100, 54 Stat. 1179, 50 App. U. S. C. §510. (Italics supplied.) It will be noted that the language of this section refers specifically to "persons in the military service." Another section of the act provides: "(1) The term 'persons in military service' and the term 'persons in the military service of the United States', as used in this Act shall include the following persons and no others: All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy": Act of October 17, 1940, c. 888, sec. 101, 54 Stat. 1179, 50 App. U. S. C. §511.

Giving these sections their plain meaning, the Act of 1940 limits the persons who are entitled to receive its benefits to soldiers, sailors, marines, coast guardsmen and public health personnel *and no others*. In construing these sections of the Soldiers' and Sailors' Civil Relief Act of 1940, it has been held that the wife of a man in the military service is not within the definition of a "person in the military service": Bronson v. Chamberlain, 53 N. Y. S. 2d 172 (1945). Consequently the wife plaintiff cannot take advantage of section 525 of the act which states in effect that statutes of limitation will be suspended with regard to persons in service: Act of October 17, 1940, c. 888, sec. 205, 54 Stat. 1181, as amended by the Act of October 6, 1942, c. 581, sec. 5, 56 Stat. 770, 50 App. U. S. C. §525. This section has been held to be applicable to the State statute of limitations as long as

service personnel were involved: Shire v. Superior Court, 63 Ariz. 420, 162 P. 2d 909 (1945); Crawford v. Adams, 213 S. W. 2d 721 (Tex. Civ. App. 1948). However, the statute language is clear in defining who is a person in the military service. The purpose of this act was to suspend the enforcement of civil liabilities of persons in the military service in order to allow them to devote their full attention to the defense of this nation: Kerrin v. Kerrin, 97 Cal. App. 2d 913, 218 P. 2d 1004 (1950); In re Bashor, 16 Wash. 2d 168, 132 P. 2d 1027 (1943). A wife, not herself a member of the services, is not entitled to the benefits of the statute. Therefore, as to her cause of action for her own personal injuries the two year statute of limitations bars her claim.

In the second place, defendant states that rule 2228(a) of the Rules of Civil Procedure relating to compulsory joinder of related plaintiffs has no effect on the statute of limitations. Plaintiffs, on the contrary, have argued that since the husband's cause of action for damages to his automobile has not yet been barred, and that since under rule 2228(a) his cause of action and the claim of his wife must be joined in one action, her claim for personal injuries is not yet barred. This theory is founded on a misconception of the rules of civil procedure. To be sure the reason why the husband's cause of action is not yet barred is due to the effect of the six year statute of limitations on property damage: Act of May 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31. If that statute had operated to bar his claim, he would still be protected by the suspending operation of the Act of 1940 which holds his claim in abeyance.

Defendant concedes that the claim of the husband for property damage is not barred. But it does not necessarily follow that the claim of the wife for her personal injuries is restored in order to be prosecuted with his claim for property damage. The rule osten-

sibly applicable is rule 2228(a) pertaining to the joinder of related plaintffs: "If an injury, not resulting in death, is inflicted upon the person of a wife, and causes of action therefor accrue to the wife and also to her husband, they shall be enforced in one action brought by the husband and the wife."

In a case where the wife is injured by the negligence of a defendant, the substantive law confers upon her a cause of action in her husband for loss of consortium and expenses to which he is subjected. These are separate and distinct causes of action: Nanticoke Borough v. Warne, 160 Pa. 373 (1884); Regan v. Harlan, 24 Pa. Superior Ct. 27 (103). The penalty for nonjoinder is directed only against the nonjoining party. Where notice is properly given under authority of rule 2232(a) of the Rules of Civil Procedure, the nonjoined spouse will be properly barred. However, the cause of action of the original spouse in bringing the action cannot be barred merely because of such nonjoinder: Ziegler v. Lindenmuth, 78 D. & C. 324 (1951); 4 Anderson Pa. Civ. Pract. 312, 313. In essence, this means that the husband's claim can be prosecuted to judgment even though the wife's cause of action has been barred by the statute of limitations.

In Fisher v. Diehl, 156 Pa. Superior Ct. 476 (1944), an action was brought by the husband and his wife for their separate claims. The court said, at page 478:

"These claims were properly brought in one action, in accordance with Rule 2228(a) of Rules of Civil Procedure governing joinder of parties. . . . Accordingly, while the several claims were properly brought in one action, the *rights of action* of the several plaintiffs were not merged, but in case of a recovery separate verdicts and separate judgments would be entered. . . ."

Since rule 2228(a) is mandatory only in the sense that the nonjoining plaintiff may be subsequently

barred, it follows that such proceeding or rule cannot be given a substantive quality to restore the wife's claim.

*Order*

And now, this March 21, 1956, the preliminary objections in the nature of a·demurrer, so far as the cause of action of the wife for her personal injuries is concerned, is sustained and that cause of action is dismissed.