**In re Perry Gerard LADNER and Jeannine Marie Ladner, Debtors.**

**Bankruptcy No. 93–15633 CEM.**

United States Bankruptcy Court, D. Colorado.

July 15, 1993.

Robert E. Cole, Colorado Springs, CO, for debtors.

---

7. In footnote 3, it attempts, unsuccessfully and disingenuously, to distinguish *Hamilton*.

## ORDER ON MOTION TO PRESENT TESTIMONY OF PERRY GERARD LADNER BY DEPOSITION OR FOR OTHER RELIEF

CHARLES E. MATHESON, Chief Judge.

One of the joint Debtors in this case, Perry Gerard Ladner, filed his "Motion to Present Testimony of Perry Gerard Ladner by Deposition or For Other Relief." Mr. Ladner seeks to be excused from appearing at the meeting of creditors called pursuant to 11 U.S.C. § 341 on the grounds that he is in the U.S. Army and at the present time has been ordered to do military duty in Somalia. He seeks to answer questions by written interrogatories instead.

Pursuant to 11 U.S.C. § 341, upon the entry of an order for relief, the United States Trustee is required to convene and preside over a meeting of the creditors in the case. The Rules specify that the meeting must be held not less than 20 nor more than 40 days after the order for relief is entered. Fed.R.B.P. 2003(a). Those time constraints cannot be enlarged or reduced by the Court. Fed.R.B.P. 9006(b)(3) and (c)(2).

Debtors in bankruptcy, particularly those in Chapter 7 cases, have few responsibilities imposed on them by the Bankruptcy Code as a condition to the grant of the significant benefit to be enjoyed by the entry of an order of discharge. One of those responsibilities, and, indeed, one of the most important, is that they *"shall appear* and *submit* to examination under oath at the meeting of creditors under section 341(a)" of the Code. 11 U.S.C. § 343 (emphasis added.)

■ One of the primary purposes of the section 341 meeting is to give not only the trustee, but the creditors, the opportunity to appear and examine the debtor concerning the debtor's assets, liabilities and financial affairs. 11 U.S.C. § 343. Such an examination may provide information leading to the recovery of assets for the estate, or potential grounds to challenge the discharge of the debtor, or other information pertinent to the administration of the debtor's estate. Conversely, the debtor's exam-

ination may alleviate concerns that creditors may have about the debtor's entitlement to the benefits of a discharge. Either way, the debtor's attendance at the 341 meeting serves to promote the administration of a bankruptcy case and helps to minimize public concerns about the bankruptcy process.

■ The Code, on its face, is both unequivocal and mandatory—"the Debtor *shall appear* ...." 11 U.S.C. § 343. This Court should obey the clear language of the legislative enactment. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *In re Hart,* 923 F.2d 1410 (10th Cir.1991); *In re Ginco,* 105 B.R. 620 (D.Colo.1988). This is true for the requirements of section 343 as well. *In re Martin,* 12 B.R. 319 (Bankr.S.D.Ala.1981); *In re Rust,* 1 B.R. 656 (Bankr.M.D.Tenn.1979). While there are courts which both acknowledge the unequivocal language of the Code and excuse the Debtor's appearance, e.g., *In re Vilt,* 56 B.R. 723 (Bankr.N.D.Ill.1986); *In re Stewart,* 14 B.R. 959 (Bankr.N.D.Ohio 1981), those courts do so only in the most exceptional of circumstances such as hospitalization or incarceration. *In re Chandler,* 66 B.R. 334, 336 (N.D.Ga.1986). The Court concludes that the Debtor's motion to be excused from attendance at the section 341 meeting of creditors must be DENIED.

■ In the alternative, the Debtor requests that this Court enter an order continuing the 341 meeting until such time as he will be available to attend. He premises this request on the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C. § 521, which state:

At any stage thereof any action or proceeding in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or written sixty days thereafter may, in the discretion of the Court ... be stayed as provided in this Act ...

The person affected stands before this Court in the role of a "debtor." He is, in the classic sense, neither a "plaintiff" nor a "defendant." However, the niceties of la-

belling ought not to deprive the Debtor of the benefits obviously to be afforded by this legislation.

The Supreme Court has held that the Soldiers' and Sailors' Civil Relief Act should be liberally construed so as to "protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587 (1943). It has also been held that the phrase referencing the appearance of the individual as "either plaintiff or defendant" should not be strictly construed but should apply to those who are "petitioners, respondents, movants or intervenors." *Shire v. Superior Court In and For Greenlee County*, 63 Ariz. 420, 162 P.2d 909 (Ariz. 1945). Further,

[t]he intention of Congress and the purpose of the statute require a liberal interpretation of the word defendant. Under such circumstances, we are not bound to apply the word in its narrow, formal sense. It is obvious that Congress was concerned, in the enactment of this legislation, with the protection of persons in military service. The use of the words "either as plaintiff or defendant" was intended to expand, rather than to limit, the scope of the protection afforded by the Act. Many other words are customarily used to describe parties to litigation, as for example, petitioner, respondent, appellant, appellee, libelant, complainant, intervenor. It is not reasonable to assume that Congress intended to limit the benefit of the Soldiers' and Sailors' Civil Relief Act to persons who chance to fall within two of these various designations; or make their exemption depend upon the fortuitous circumstances that one name, or the other was used in enacting legislation concerning a particular court or a particular proceeding. This conclusion is supported, moreover, by the fact that the Act speaks of "any action or proceeding." Proceeding is a word of broader meaning than action, especially when it is used, disjunctively, with action. And, customarily, words describing participants in proceedings are less formal than those used to describe partici-

pants in actions. *In re Adoption of a Minor*, 136 F.2d 790, 78 U.S.App.D.C. 48 (App.D.C.1943) (citations omitted).

In the same spirit this Court must conclude that a "debtor" in a bankruptcy proceeding falls within the protection intended to be afforded by the Act. Thus, the Debtor here is entitled to an order staying his otherwise required appearance at the scheduled 341 hearing. To do otherwise would put the debtor at risk of having his bankruptcy case dismissed or his discharge denied unless those orders would be otherwise stayed by reason of the statutory stay afforded by 50 App.U.S.C. § 510.

For the reasons stated herein, it is

ORDERED, that the meeting of creditors scheduled herein pursuant to 11 U.S.C. § 341 for the Debtor, Perry Gerard Ladner, shall be stayed until such time as his military duties will reasonably allow him to be present; and it is

FURTHER ORDERED, that said Perry Gerard Ladner shall advise the Trustee in this case, within thirty (30) days following the termination of his military service or his ability to appear for examination as required by 11 U.S.C. § 341, whichever first occurs; and it is

FURTHER ORDERED, that the time for filing claims in this case against this Debtor, for filing objections to exemptions claimed by this Debtor, and the time for the filing of complaints pursuant to 11 U.S.C. §§ 523(c) or 727 against this Debtor, shall all be continued to run from the date of said Debtor's first appearance at the meeting of creditors, as fully and to the same extent as if said first appearance coincides with the first date set for said appearance; and it is

FURTHER ORDERED, that no order of discharge as to this Debtor shall enter herein until after the expiration of at least sixty (60) days from and after said Debtor's first appearance for examination pursuant to 11 U.S.C. § 341.