**In re Deborah WLASCHIN, Debtor.**

**No. 00–8343–3F7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 30, 2000.

W. Thomas Copeland, Jacksonville Beach, FL, for Debtor.

Gregory L. Atwater, Orange Park, FL, Chapter 7 Trustee.

### ORDER DENYING CHRISTOPHER WLASCHIN'S MOTION TO CONTINUE AND SETTING NEW DEADLINES

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on a Motion to Continue filed in letter form by Lieutenant Christopher A. Wlaschin ("Wlaschin") on November 21, 2000. (Doc. 7.) Wlaschin, a United States naval officer on active duty in the Persian Gulf, requests that the Court delay or continue all proceedings, specifically the § 341 meeting to be held on December 7, 2000, in the Chapter 7 case of his ex-wife, Deborah Wlaschin ("Debtor") pursuant to the Soldiers and Sailors Civil Relief Act of 1940 (as amended), 50 App. U.S.C. § 521 *et seq.* The Court denies Wlaschin's Motion to continue all proceedings until he returns from abroad. However, the Court will extend certain deadlines in the case to enable Wlaschin to protect any interests he may have.

On April 5, 2000, the Circuit Court for the Fourth Judicial Circuit, in and for Clay County, Florida, entered a Final Judgment of Dissolution of Marriage between Wlaschin and Debtor. According to Wlaschin, the couple's property settlement provided for joint and several liability between the two for certain marital debts.

On October 26, 2000, Debtor filed a voluntary Chapter 7 petition.

On October 30, 2000, the Court scheduled Debtor's § 341 meeting for December 7, 2000. The Court set a February 5, 2001 deadline for filing complaints objecting to Debtor's discharge and for filing complaints seeking exception from Debtor's discharge. The Court also declared that objections to Debtor's claims of exemption must be lodged within thirty days of the § 341 meeting.

Wlaschin, a twenty-four year veteran of the United States Navy, alleges that he was out to sea when Debtor commenced her Chapter 7 case. On November 6, 2000, the Court sent notice to Wlaschin, whom Debtor listed as a potential creditor.

Wlaschin asserts that he will not return from active duty abroad until March 1, 2001. Wlaschin asks that the court postpone all proceedings in the case under § 521 of the Soldiers and Sailors Civil Relief Act until he has at least one month after coming ashore to consult with an attorney and consider any options he may have in the case.

■ The Soldiers and Sailors Civil Relief Act ("Act"), 50 App. U.S.C. § 521 *et seq,* was originally enacted to prevent hardship to those suddenly drafted into military service in World War II. *See Conroy v. Aniskoff,* 507 U.S. 511, 515, 113 S.Ct. 1562, 123 L.Ed.2d 229 (1993). Two sections of the Act are relevant to the instant case. Section 521 provides, in relevant part:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

50 App. U.S.C. § 521 (2000). Also relevant, although not invoked by Wlaschin, is § 525. Section 525 provides, in relevant part:

> The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service ... whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service ...

50 App. U.S.C. § 525 (2000).

 The Act is to be liberally construed in favor of protecting the interests of persons serving in the military and "is to be administered as an instrument to accomplish substantial justice which requires an equitable consideration of the rights of the parties to the end that their respective interests may be properly conserved." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462v (5th Cir. 1995) (citing *New York Life Ins. Co. v. Litke*, 181 Misc. 32, 45 N.Y.S.2d 576, 582 (1943)). In this spirit, the Supreme Court found that career servicemen as well as those forced into mandatory service during wartime fall under the umbrella of the Act's protection. *See Conroy*, 507 U.S. at 515, 113 S.Ct. 1562. Courts have found that the term "plaintiff or defendant" in § 521 includes bankruptcy debtors and creditors. *See In re Ladner*, 156 B.R. 664 (Bankr.D.Colo.1993)(finding that a bankruptcy debtor is a "plaintiff or defendant" for purposes of the Act); *Anderson v. Dalkon Shield Claimants .Trust (In re A.H. Robins)*, 996 F.2d 716, 718 (4th Cir.1993)(finding that a bankruptcy creditor is a "plaintiff or defendant" for pur-

poses of the Act). Finally, the one circuit court to address the issue found that the term "proceeding" in § 525 includes bankruptcy matters. *See A.H. Robins*, 996 F.2d at 719.

 The Supreme Court, in an early case interpreting the Act, explicitly declined to assign a burden of proof on either a serviceman or a party challenging the application of the Act, instead calling upon courts to use their discretion and have "sound sense" to assign a burden of proof in each individual case. *See Boone v. Lightner*, 319 U.S. 561, 569–570, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). The Supreme Court has held that a serviceman who himself requests a continuation or delay of proceedings under § 521 may not be required to show that active duty actually interfered with the exercise of his rights. *See Conroy*, 507 U.S. at 515, 113 S.Ct. 1562. The plain language of § 525 indicates that Congress intended that a serviceman seeking a tolling of a statute of limitations under § 525 need only prove that he is on active duty to toll the statute of limitations. *See A.H. Robins*, 996 F.2d at 718.

Section 521 should be utilized in determining whether or not a debtor/serviceman is entitled to a stay of his bankruptcy case as a whole in order to prevent material prejudice to a debtor/serviceman. Courts generally employ the § 521 standard in determining whether or not to continue a debtor/serviceman's entire case indefinitely. *See e.g. Ladner*, 156 B.R. at 666. In *Ladner*, the court delayed a debtor/serviceman's § 341 meeting, and thus his entire case, indefinitely in order to prevent the debtor/serviceman's case from being dismissed due to missing the § 341 meeting while on active duty abroad. *See Ladner*, 156 B.R. at 666.

The inquiry is different where a creditor/serviceman requests an extension of a

deadline or excuse from missing the deadline, because the injury threatened to the creditor/serviceman is essentially distinct from that threatened to the debtor/serviceman. A creditor/serviceman's interest is in attacking a debtor's estate through tactical actions. A creditor/serviceman, unlike a debtor/serviceman, may skip the § 341 meeting; after all, a creditor can get information just as easily by way of a Rule 2004 examination. The creditor/serviceman's concern is loss of particular actions that may preserve or augment his interests. The Bankruptcy Code and the Bankruptcy Rules gradually disarm creditors by imposing unbreakable deadlines. It is these deadlines, not the § 341 meeting and accordingly the whole case, that a creditor/serviceman such as Wlaschin has an interest in continuing.

Therefore, the Court denies Wlaschin's request for a continuance of all proceedings under § 521. Wlaschin's reliance on § 521 is misplaced and his request for a delay of the entire case is overbroad. Continuance of the § 341 meeting and all the administration that flows forth therefrom is unnecessary to prevent prejudice to Wlaschin.

 The Court finds that Wlaschin is entitled to a § 525 tolling of the deadlines established by the Court for filing certain actions. Wlaschin has presented sufficient evidence to convince the Court that he is indeed on active duty abroad in the United States armed forces. Tolling is automatic once a party satisfies that meager burden.

Section 525 provides that any statute of limitations be tolled for the entire period during which the party seeking tolling is on active duty abroad.

On October 30, 2000, the Court set the deadline for filing complaints objecting to discharge and complaints seeking exception from discharge for February 5, 2001.

Wlaschin must file any complaint objecting to Debtor's discharge or complaint seeking exception from Debtor's discharge by June 1, 2001. Wlaschin may request that the Court extend this deadline by timely written motion in accordance with the Bankruptcy Rules for cause.

On October 30, 2000, the Court also set the deadline for filing objections to exemptions for thirty days from the date of the § 341 meeting, or January 6, 2001. Wlaschin must file any objection to Debtor's claims of exemption by May 1, 2001. Wlaschin may request that the Court extend this deadline by timely written motion in accordance with the Bankruptcy Rules for cause.

Accordingly, it is

**ORDERED:**

1. Lieutenant Christopher A. Wlaschin's Motion for continuance of Debtor Deborah Wlaschin's Chapter 7 case is **denied.** Administration of the case will continue apace.

2. Lieutenant Christopher A. Wlaschin must file any complaint objecting to the discharge of Deborah Wlaschin or any complaint seeking exception from the discharge of Deborah Wlaschin by June 1, 2001, unless an extension is granted by order of the Court.

3. Lieutenant Christopher A. Wlaschin must file any objection to the exemptions claimed by Deborah Wlaschin by May 1, 2001, unless an extension is granted by order of the Court.