**ROYSTER v. LEDERLE, U. S. District Judge.**

**No. 9115.**

Circuit Court of Appeals, Sixth Circuit.

March 3, 1942.

198

Harold Goodman, of Detroit, Mich., for petitioner.

Vandeveer & Haggerty, of Detroit, Mich., for respondent.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

The petitioner, Dacia Royster, applied for a writ of mandamus to compel respondent, the Honorable Arthur F. Lederle, Judge of the District Court of the United States for the Eastern District of Michigan, Southern Division, to vacate and set aside his order of continuance entered in the case of Royster v. Ruggerio, 2 F.R.D. 429, pursuant to Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1181, 50 U.S.C.A. Appendix § 521. We issued an order to show cause to which appropriate reply has been made supported by brief.

The facts are not in dispute and are substantially as follows:

On June 12, 1941, petitioner, Dacia Royster, a citizen of Michigan, commenced a suit in the United States District Court for the Eastern District of Michigan, Southern Division, against John Ruggiero, a citizen of Ohio. Petitioner sought in said action to recover from Ruggiero $10,000 as damages for personal injuries she claimed to have suffered when struck at Woodward Avenue in the City of Detroit, Michigan, by an automobile driven by Ruggiero, who was inducted into the military service of the United States about June 28, 1941.

At a pretrial hearing, respondent, over the objection of petitioner, ordered the cause continued until and including sixty days after Ruggiero's discharge from the Army. Petitioner seeks in this action to annul that order.

Ruggiero has a liability policy of insurance with the Buckeye Mutual Casualty Company under the terms of which he is saved harmless to the extent of $5,000 for injuries to any one person, and a maximum of $10,000 for injuries and damages arising out of a single accident to persons and property resulting from the operation of an automobile by him. The insurer agreed to defend any suit against the insured growing out of the operation of the automobile covered by the policy. At the time of the motion for a continuance, petitioner offered to look solely to the insurer for the payment of any judgment she might obtain in the action if the court denied the motion.

Petitioner was struck and injured by Ruggiero's car while she was standing in a street safety zone. He struck three other people at the same time and was arrested for reckless driving and tried for that offense in the Recorder's Court for the City of Detroit, Traffic and Ordinance Division, State of Michigan and testified at the trial that he saw none of the people who were struck by his car. He also testified it was a foggy, misty morning and that visibility was poor. He was found guilty of reckless driving and given a probated sentence.

At the time of her injuries, petitioner was employed as a linen finisher in a laundry and was earning approximately seventeen dollars per week. She was badly hurt and has not been able to resume her means of livelihood since the accident. She is married and her husband is employed at a nominal salary.

The question arises as to whether defendant Ruggiero in the original action was entitled to the continuance granted by respondent under the circumstances here present. Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1181, 50 U.S.C.A. Appendix § 521, provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The provisions of this Act were intended solely for the benefit of those in the armed services of the United States, but the Act does not provide a defense to actions against them. It only allows a postponement until such time as the defendant is unhampered by his military service to defend such actions. The object of the Act was to prevent injury to the civil rights of those in the armed services of the United States during that service in order that they would be free to devote all of their energies to the military needs of the Nation. Unless it is made to appear that the rights of the person in the service will be prejudiced by a proceeding against him, the Act is inapplicable.

This case presents a threefold aspect: First, as to the rights of the petitioner in

the original action; second, as to the rights of the defendant in that action; and third as to the liability of the insurance carrier.

Petitioner had the undoubted right to institute her action against the defendant and prosecute it to judgment. However, by its terms, the Act stays the prosecution of the action unless in the opinion of the court the ability of the defendant to conduct his defense is not materially affected by reason of his military service.

Petitioner urges on us that the defendant's ability to conduct a defense is not materially affected, because she offers to accept in full settlement of any judgment she may obtain in the action, the proceeds of the liability insurance policy in question, and that as the defendant admitted in the criminal proceedings that he did not see petitioner before his car struck her and in addition the criminal court found him guilty of reckless driving, he has no defense to the action and his presence at the trial would be of no material aid to the insurance carrier.

■ The statute in question must be liberally construed to effectuate its purpose. We cannot say, as a matter of law, that Ruggiero's rights would not be affected by proceeding to the trial of the cause in his absence. The policy in question provides that the insured should cooperate with the insurer upon its request and should attend hearings and trials and assist in effecting a settlement if the insurer wished to compromise any claim and the contract of insurance further provides it shall be inoperative unless the insured complies with its terms.

■■ Admissions or statements under oath in another action are not conclusive of the facts stated therein, but are open to explanation or contradiction in a different action between different parties. Such statements or admissions may be considered by the jury, together with all the evidence presented, even though contradictory and such weight should be given to statements in other actions as they appear to be entitled to receive in view of all the circumstances attending the making of them. Under the above rule, on the trial of the civil action, Ruggiero could explain, amplify or contradict his statements made at the criminal trial and such evidence might influence the jury in its verdict. A party to an action should not be compelled to go to trial in his absence or in the absence of the only witness by whose testimony he can make out his defense, unless it appears that he has been guilty of negligence in failing to attend the trial or procuring the attendance of the witness on whom he relies or in obtaining his testimony by deposition or otherwise. Ruggiero has not been guilty of any negligence in failing to attend the trial, and his insurance carrier likewise has not been guilty of negligence in failing to obtain his attendance at the trial or to take his deposition.

Section 103 of the Soldiers' and Sailors' Civil Relief Act, 54 Stat. 1179, 50 U.S.C.A. Appendix § 513, provides that whenever, pursuant to provisions in the Act, the enforcement of any obligation or liability or the prosecution of any suit is stayed, such stay may in the discretion of the court likewise be granted to guarantors or others subject to the obligation or liability the performance of which is stayed to the person in military service.

■■ The protection afforded under the Act to persons secondarily liable must be applied in such a way as to affect the rights of claimants to no greater extent than is necessary to effectuate the purposes of the Act. To this end, at any time during the postponement, any person affected thereby may apply to the court to vacate the stay and proceed to trial if a showing be made that the military service of the party or the person secondarily liable would not be materially affected by resumption of the proceedings.

In the present case, it is conceded that the defendant in the original act:..1 is the insured under the liability policy in question to the extent of $5,000. Section 12460 Compiled Laws of Michigan, 1929, 17 Michigan Statutes Annotated, Section 24.-296, provides that every insurer authorized to do business in the State of Michigan shall insert in its policies a provision "that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person * * * because of such insolvency or bankruptcy, then an action in the nature of a writ of garnishment may be maintained by the injured

person * * * against such corporation or other insurer under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

Under the foregoing Act, in case of the insolvency of Ruggiero, petitioner could look to his insurance carrier for the collection of any judgment she might obtain to the extent of $5,000. In view of the fact that the continuance granted by the court in the original action may be for a long duration, the plaintiff in that action is entitled to an order of the court protecting her against loss or damage by reason of the possibility of Ruggiero's becoming insolvent or his insurance carrier becoming unable to meet its obligation. The court should have granted the stay on condition that the insurance carrier execute a bond to the Clerk of the Court for the use and benefit of the petitioner, Dacia Royster, in the penal sum of $5,000, with good and sufficient surety, conditioned on the payment of whatever judgment not in excess of $5,000 she might obtain against the defendant, John Ruggiero, in the event he was insolvent at the time judgment in said action was rendered against him.

Petitioner is entitled to the writ unless the respondent should modify his order of continuance conformable to this opinion. We assume that in view of the conclusion herein expressed, issuance of the order will not be required.