**DUGGAN v. FRANKLIN SQUARE NAT. BANK.**

No. 51, Docket 21084.

United States Court of Appeals
Second Circuit.

Nov. 24, 1948.

Herman G. Robbins, of Brooklyn, N. Y. (Israel Harkavy, of Brooklyn, N. Y., on the brief), for bankrupt-appellant.

Morris Shapiro, of New York City (Bernhardt, Sahn, Shapiro & Epstein and Harvey Cohen, all of New York City, on the brief), for creditor-appellee.

Before L. HAND, Chief Judge, and AUGUSTUS N. HAND and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Richard W. Duggan, the appellant herein, filed a voluntary petition in bankruptcy on January 31, 1942, and was adjudicated a bankrupt the same day. On February 3, 1942, the bankruptcy referee to whom the proceeding was referred wrote the bankrupt's attorney for the "first meeting indemnity and discharge indemnity"; and on March 6, 1942, he sent a second request for the indemnity. It was not paid, however,

and so on July 16, 1943, the referee entered an order closing the case. On May 21, 1947, the bankrupt petitioned for an order reopening the proceeding; and this was granted ex parte on May 23, 1947. The Franklin Square National Bank, a judgment creditor of the bankrupt, then moved that this order be vacated; and upon consideration of opposing affidavits, the court ordered testimony to be taken "regarding the bankrupt's failure to comply with the Referee's request of February 3, 1942." Hearings were thereupon had, wherein both the bankrupt's attorney and the bankrupt testified; and thereafter, on November 12, 1947, the district court entered an order vacating and setting aside its order for the reopening of the proceeding. This appeal followed.

The bankrupt's explanation of his long delay is his war service, from his enlistment in the United States Army on March 20, 1942, until his ultimate discharge as a major on March 5, 1947. The testimony, however, showed that from late 1945 on, although he was technically still subject to recall by the Army, he was actually engaged in business in Florida as a civilian not in uniform, and that in 1946, when the creditor was pressing its action to recover upon its judgment in Florida, he was actively negotiating with the creditor's attorney for a settlement of the claim of over $21,000 for $2,000. His attorney testified that when the proceeding was started in 1942 the bankrupt placed funds in his hands to the extent of $100, from which he paid the initial filing fee; but he did not pay the further sum asked by the referee, because, as he said, he had asked the referee or the latter's clerk to put the matter "on the military calendar." In cross-examination he said that he had not paid the indemnity, because he did not want the case "to come up" at the time. The referee's docket shows one letter from the attorney, received on March 6, 1942, advising that the bankrupt was in a hospital in Washington, D. C., and that he would forward the indemnity when the bankrupt was able to come to New York for a hearing, and another of April 13, 1942, stating that the bankrupt had been commissioned as captain in the Army. There was further evidence that another attorney purporting to represent the bankrupt, and of whose activities the bankrupt admitted knowledge, had written the creditor in 1946 in an endeavor to adjust the matter, and that the bankrupt himself had also written in February, 1947, apologizing for "the long delay" in "the settlement" and reporting the "good news" that he hoped to effect a specific loan to provide "the necessary cash."

■ On the basis of the testimony the court stated that it was going to vacate the reopening order, saying that it was satisfied from the testimony that the bankrupt had abandoned the bankruptcy proceeding. It went on to hold that the bankrupt's attorney had funds to pay the indemnity fee and did not pay it because he did not want the matter "to come up," that the matter was deliberately neglected or held in abeyance for unpersuasive reasons, and that the attempts at later settlement showed that the bankrupt considered the proceeding abandoned. Its resulting order here under appeal is therefore a final termination of the bankruptcy.

■ The single original point initially made to us by the bankrupt was that the practice of referees to close cases upon the bankrupt's failure to advance indemnity was no longer "admissible" under the Chandler amendments to the Bankruptcy Act. This argument was based on § 14, sub. a, 11 U.S.C.A. § 32, sub. a, which, as is well known, makes the adjudication itself an application for a discharge of an individual bankrupt. It is urged, therefore, that this application must go on to a conclusion whether or not a first meeting of creditors is held or indemnity provided for it. But both the statute and the decisions are clearly against this contention. As we have several times pointed out, § 2, sub. a(8), of the present Bankruptcy Act, 11 U. S.C.A. § 11, sub. a(8), which, among other things, gives the authority to reopen estates "for cause shown," also authorizes the court to close estates when "the parties in interest will not furnish the indemnity necessary for the expenses of the proceeding or take the steps necessary for the administraion of the estate." Consequently we, together with others, have held that the closing of the estate for this reason was

justified, that the reopening for cause shown was within the discretion of the court, which could be reviewed only for abuse, and that a final decision denying reopening made the preceeding res judicata against new proceedings. In re Perlman, 2 Cir., 116 F.2d 49; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 127 F.2d 716; In re Butts, 2 Cir., 123 F.2d 250; In re Lowerree, 2 Cir., 157 F.2d 831; Colwell v. Epstein, 1 Cir., 142 F.2d 138, 156 A.L.R. 836, certiorari denied 323 U.S. 744, 65 S. Ct. 59, 89 L.Ed. 596.

The only substantial question therefore is whether the district judge abused his discretion in vacating his ex parte order for the reopening of the proceeding. On this we think the evidence was adequate to justify the court's finding that the bankrupt actually had abandoned his petition. As is often the case, the testimony was not clear cut and decisive, principally because the bankrupt testified with obvious reluctance, almost to the point of evasion, as to his actions. Nevertheless this very circumstance undoubtedly aided the district court, which had the benefit of direct observation of the bankrupt, in reaching the result it did.

Indeed appellant makes no direct attack upon the court's finding of fact. His further claims, made in his reply brief, go so far as to challenge the motion to vacate on the ground that it was made by the creditor's attorney, rather than the creditor himself, although the petition of the attorney represents him as a member of a firm of attorneys for the creditor. The only point deserving attention is the claim, somewhat belated and not fully briefed on this appeal, that the referee could not properly enter an order of dismissal while the bankrupt was in military service in view of the Soldiers' and Sailors' Civil Relief Act of 1940. It may perhaps be doubted whether this Act, designed to protect the soldier from court proceedings taken against him during his absence, such as default of appearance by a defendant in a civil action, 50 U.S.C.A.Appendix, § 520(1), is applicable to a failure of a petitioning bankrupt to press his own petition, particularly when his enlistment is not until some two months later. But even if the Act is applicable, the result here is the same. For the Act provides its own remedy when a judgment is rendered against a person in military service, in the provision in § 520 (4) for the reopening of the judgment to let in the defendant and his legal representative to defend, upon application within ninety days after termination of the military service. The operation of the Act in the present instance would therefore be at most to allow the appellant that thorough hearing before the district court which he has actually received. Since the court had all the facts of military service before it, as well as appellant's claim of that service as an excuse for his delay in payment of the indemnity, there is obviously nothing more to be tried even had the claim based upon the Act been more explicit below.

Order affirmed.