**Cherie A. Slove, Plaintiff-Appellee, v. John Strohm, Defendant-Appellant.**

**Gen. No. 51,910.**

First District, First Division.

April 8, 1968.

Block, Levy & Becker, and Lawrence K. Posner, of Chicago, for appellant.

Samuel Alfassa, of Chicago (Myles A. Grill, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

A complaint based on the Paternity Act (Ill Rev Stats 1965, c 106¾, § 51 et seq.) was filed against the defendant on April 19, 1966. On April 29, 1966, defendant filed his appearance, jury demand and a motion for a stay under the Soldiers' and Sailors' Civil Relief Act (50 USC, § 501 et seq.). The petition for a stay was renewed on four subsequent occasions but was consistently denied by the trial court. In his post-trial motion, defendant raised as the sole ground for vacating and setting aside

the jury verdict which had been rendered against him, the fact that his petition for a stay of the proceedings had been denied. He now prosecutes this appeal on that same issue.

Section 521 of the Soldiers' and Sailors' Civil Relief Act provides as follows:

> "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within 60 days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act (sections 501–548 and 560–590 of this Appendix), unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The three copies of defendant's motion for a stay that are contained in the record on this appeal are substantially identical. The first motion, filed April 29, 1966, has attached to it a copy of Marine Corps orders directing defendant to report to the base at Quantico, Virginia. The second motion, filed September 29, 1966, has attached to it as an exhibit, a certificate from the personnel department of the U. S. Marine Corps indicating that defendant was a Marine and stationed at Camp LeJeune, North Carolina. The third petition, filed October 25, 1966, incorporated by reference, the certificate of record of military service attached to the September 29th motion.

In Boone v. Lightner, 319 US 561 (1943), the Supreme Court considered a case in which a petition for a stay under the Soldiers' and Sailors' Civil Relief Act had been

denied.  In Boone, as here, the defendant contended that the Act rendered a continuance mandatory.  In response to that argument, Mr. Justice Jackson stated:

> "The Act cannot be construed to require continuance on mere showing that the defendant was in Washington in the military service.  Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.' " (P 565.)

The above language from Boone is clearly applicable in the instant case.  We do not feel that because defendant was in the military service, he was automatically entitled to a stay of the proceedings.  Thus, the only issue for us to determine is whether the trial judge abused his discretion in denying the requested stay of proceedings.

In Boone, the Supreme Court refrained from declaring any rigid doctrine with respect to who had the burden of proof to sustain a petition for a stay of proceedings.  However, it is clear from the Boone opinion that the petitioner must allege something more than his mere being in the military service.  Not one of the petitions filed by the defendant in the instant cause indicated when he would be available and present in Chicago to defend the instant action.  He was given an opportunity to set a date at some time in the reasonable future, but declined to do so.  There was no indication of when he would be entitled to leave so that he could be present for a trial.  He did not submit any letters, affidavits or statements from his commanding officers to the effect that they would be unable to release him at any time, or that his continued

132

presence at the Marine Corps camp was essential to the defense of the country.

██ ██ While we recognize that the purpose of the Soldiers' and Sailors' Civil Relief Act is to permit members of the armed forces to devote their full attention to the defense of the country, (50 USC, § 510), this Act may not be used as a sword against persons with legitimate claims against servicemen. Some balancing between the rights of the respective parties must be arrived at.

In the instant case, the plaintiff gave birth to a child approximately two months after the proceedings were initiated. She alleged that she was without funds and was unable to care for the child. A determination under the Paternity Act as to who had the obligation to provide support for the child was necessary at the earliest possible time. Of course, defendant's absence was prejudicial to his case. However, he made no effort to assist the court in determining when this matter could be disposed of. We therefore feel the trial judge was not incorrect when he denied the petition for a stay of the proceedings.

Defendant cites the case of Everingham v. Stringer, 329 Ill App 490, 69 NE2d 348 (1946), as authority for holding that being in the military service is sufficient to entitle the defendant to a stay of proceedings. Appellee attempts to distinguish Everingham on the ground that the defendant there was out of the country, not just in another State. This factor may reflect on the character of defendant's job as essential for the defense of the country at that time. More significant, however, is the fact that Everingham was a forcible entry and detainer case. No child would be wanting for food, clothing and shelter if that case were delayed. The nature of the action is an important consideration in weighing the need to proceed with the trial as opposed to the serviceman's request for delay. As stated above, we cannot say that the trial judge's evaluation of this situation constitutes an abuse of discretion.

For the foregoing reasons, the judgment of the Circuit Court of Cook County, Municipal Division, is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.