BERTINA D. GROSS, a Minor, by Bernice Gross, Her Mother and Next Friend, Plaintiff-Appellant, v. KATHY HARRELL, a Minor, by Helen Harrell, Her Mother and Next Friend, *et al.*, Defendants-Appellees.

Third District   No. 3—84—0539

Opinion filed April 25, 1985.

Anthony J. Basile, of Heller & Morris & Associates, Ltd., of Chicago, for appellant.

Barry L. Kroll, Donald E. Stellato, and Lloyd E. Williams, Jr., all of Jacobs, Williams, Montgomery, Ltd., of Chicago, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an interlocutory order granting defendant Keith Martin a continuance until he returns from military service in Korea pursuant to section 521 of the Soldier's and Sailor's Relief Act (50 U.S.C. sec. 521 (1982)). The sole issue before us is whether the language of section 521 is mandatory or discretionary. The circuit court of Will County granted the continuance after finding that Martin was a serviceman and, therefore, was entitled to a stay under the Soldier's and Sailor's Relief Act.

The underlying claim was filed in 1981 and involves an automobile-pedestrian accident where plaintiff was struck by a car driven by either Martin or another defendant, Kathy Harrell. The case was called for trial December 12, 1983, a jury was selected and plaintiff presented her case. Before the defendants presented their case, the judge declared a mistrial because the Harrells had not received proper notice of the trial. This case was then set for trial in May 1984. By this time, Martin, who was present at the trial in December, had reenlisted and was stationed in Korea. Several other continuances ensued based upon a telephone conversation between Martin and his attorney, where Martin stated he would not be reassigned to the United States for at least 10 months. Finally, a letter requesting a stay was sent to the court, and this continuance until May 1985 resulted.

Section 521 of the Soldier's and Sailor's Relief Act provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act *** unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (50 U.S.C. sec. 521 (1982).)

At first glance, the language of the statute appears to mandate a stay of proceedings when requested by a serviceman unless his/her defense will not be materially affected by his/her absence. However, the United States Supreme Court in *Boone v. Lightner* (1943), 319 U.S. 561, 87 L. Ed. 1587, 63 S. Ct. 1223, interpreted the statutory language to vest considerable discretion in the trial court to meet "a great variety of situations that no legislator and no court is wise enough to foresee." (319 U.S. 561, 568, 87 L. Ed. 1587, 1593, 63 S. Ct. 1223, 1228.) Therefore, the interest of the plaintiff in bringing her case to trial before the memory of the accident has faded from the minds of witnesses or witnesses have died or disappeared must be balanced against the inconvenience to serviceman Martin in either returning to the States especially to attend this trial or having the case tried in his absence. Keeping in mind that Martin voluntarily reenlisted and accepted an assignment abroad when he knew this case would be set for trial soon after the mistrial was declared and that he has not cooperated with the court in arranging a specific time when he will be available for trial after he returns to the United States in early May 1985, we are afraid that Martin has come dangerously close to using "this Act *** as a sword against persons with legitimate claims against servicemen," as the appellate court cautioned against in *Slove v. Strohm* (1968), 94 Ill. App. 2d 129, 236 N.E.2d 326. In *Slove* the first district weighed the need to proceed to trial against the serviceman's request for a delay in a paternity action. The court made it clear that a defendant must allege something more than merely being in the military service in order for a stay to be granted. Because the defendant in *Slove* had declined to set a date in the reasonable future, had given no indication as to when he would be entitled to leave so that he could be present at trial, submitted no letters from commanding officers that he could not be released to attend a trial or that his continued presence in the Marine Corps was essential to the defense of the country, the trial court did not abuse its discretion in denying defendant's motion for a stay. Obviously, the would-be father in a paternity proceeding would be affected by the trial of the paternity action in his absence. Therefore, in this case, even though the defendant's interests may be affected by his absence, the trial court could have denied the stay and proceeded to trial.

However, because it would serve no purpose for us to reverse the decision of the trial court and remand for a consideration of the stay in light of our opinion here when May and Martin's apparent return to our shores loom on the horizon, we instead affirm the continuance until May 1985 with the instruction that the trial court order Martin

to contact the circuit court of Will County *now* to set a date as soon as is reasonably possible for the trial of this matter and that no further continuances be granted to defendant Martin for any reason having to do with his military service.

We, therefore, affirm the decision of the circuit court of Will County with instructions that this case proceed to trial as soon as is reasonably possible.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.