OPINION OF THE COURT
Harold Lieberman, J.
This is a small claims action brought by Michael Sean Deacon against Charles Witham, Jr. The action was brought to recover property damage in the amount of $958.77 which the claimant alleges his motor vehicle sustained by reason of the negligent operation of a vehicle operated by defendant Charles Witham, Jr.
The matter was originally placed on the small claims calendar for purpose of a pretrial conference and at that time the plaintiff appeared personally and the defendant appeared through his attorneys. A discussion was had relative to a possible settlement of the action. The plaintiff set forth an amount that he would accept in order to settle the claim. The defense attorney who, in fact, represented the insurance carrier for the defendant advised the court that they would be in contact with their client and if he was not willing to settle the claim pursuant to plaintiff’s demand, the matter would have *218 to be tried. The matter was set down for trial on a day certain, Wednesday, September 11, 1985, unless prior to that date the court was advised that defendant accepted plaintiffs offer of settlement.
By letter dated July 16, 1985, the attorneys for the defendant advised the court that they had contacted their client and he was unwilling to accept plaintiffs offer to settle and, therefore, the case would have to be tried. They further stated that the only witness they intended to have present at the trial was in college and requested that the date of trial be rescheduled for a Monday or Friday in September in order to minimize the amount of time the witness would miss from school. The defendant’s attorneys specifically stated — and I quote from their letter: "We would ask that you schedule this matter for any Monday or Friday during September. We await your advice.” In that letter no mention or request for a delay was made by reason of the defendant being in the military service.
On August 7, 1985, attorneys for the defendant in another letter to the court advised that the defendant would not be present at the trial as he was in the service and again advised that the only witness they intended to call was in college and again requested that the trial be rescheduled for a Monday or Friday for the convenience of that witness.
Relying on these statements and wishing to accommodate the defendant, his attorneys, and his witness, the court rescheduled the hearing for September 9, 1985 — a Monday — and advised all parties of the same.
Thereafter, a motion pursuant to 50 USC Appendix § 521 was filed by the attorneys for the defendant with the court on August 27, 1985. This motion requested a stay of the trial upon the grounds that the defendant was in the military service and would be unable to appear. The motion was made returnable on September 9, 1985 — the date set for the hearing.
50 USC Appendix § 521 specifically sets forth that any action or proceeding shall be stayed unless, in the opinion of the court, the ability of the defendant to conduct his defense is not materially affected by reason of a military service.
The mere showing that defendant was in the military service does not render a continuance or stay mandatory unless, in the opinion of the court, the defendant’s ability to conduct the same is materially affected.
*219 A person in military service who is a defendant in an action is not entitled to a stay of proceedings simply because he is in the armed services, but he must show that the conduct of his defense will be materially affected by his military absence (Mayfair Sales v Sams, 169 S2d 150 [La]).
The statements in the affidavits in support of the motion merely set forth that the defendant will not be able to appear and, therefore, his ability to conduct his defense is materially affected. These statements in and of themselves certainly do not indicate that defendant’s ability to conduct his defense will be materially affected. How will they be materially affected? In what way? To what extent? There must be some showing or some indication by facts or otherwise as to how his ability to conduct his defense will be materially affected. Originally, there was no problem. The attorneys for defendant were ready to proceed without the presence of the defendant providing the court fixed a date that their witness could appear and testify, which the court did.
The statement in the affidavit in support of the motion is that defendant’s only witness was currently residing in Boston and would not be returning to the State in the near future. This was not what the court was advised at the outset. In fact, it is actually contrary to what the court was advised. The court was informed by letters of July 16, 1985 and August 7, 1985 that the attorneys for the defendant would proceed to trial even in the defendant’s absence, provided the court fixed a date convenient for said witness, a date which would minimize the amount of time that the witness would lose from college. This the court did.
It would further appear that the defendant has waived his right to utilize this section in that he has appeared in the action on at least two occasions through attorneys of his own choice and which attorneys until the instant motion was filed with the court had indicated that they were prepared to try the matter even in the absence of the defendant. (Roqueplot v Roqueplot, 88 Ill App 3d 59, 410 NE2d 441.)
I am certain that this section was not intended to be used by an insurance company as a means of defeating or delaying a cause of action in which no material benefit would be received by reason of delay. (Johnson v Johnson, 59 Cal App 2d 375, 139 P2d 33.)
The court is of the opinion that the defendant’s ability to defend the litigation is not materially affected by his military *220 service and, therefore, the motion for the stay is hereby denied.