**In re Robert Lee BURRELL, Debtor.**

**Bankruptcy No. 98–11622.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

Jan. 21, 1999.

Bruce H. White, Patton Boggs LLP, Dallas, Texas, for movant, Volvo Car Finance, Inc.

William T. Burrell, Frank J. Maida & Associates, P.C., Beaumont, Texas, for debtor, Robert Lee Burrell.

*MEMORANDUM OF DECISION GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY VOLVO CAR FINANCE, INC.*

BILL G. PARKER, Bankruptcy Judge.

This matter is before the Court upon the Motion for Relief from Automatic Stay (the "Motion") filed by Volvo Car Finance, Inc. ("Volvo") which seeks stay relief in order to proceed to foreclose its security interest in a 1994 Chevrolet Corvette automobile owned

by the Debtor, Robert Lee Burrell. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). This contested matter constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (G), and (O). Based upon the Court's consideration of the pleadings, the evidence admitted at the hearing and the argument of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52, as incorporated into contested matters in bankruptcy cases by Fed.R.Bankr.P. 7052 and 9014.

## I. *Findings of Fact.*

On October 6, 1996, Robert Lee Burrell (the "Debtor") executed a Retail Installment Contract for the purchase of a used 1994 Chevrolet Corvette for which Volvo provided purchase-money financing. To secure the payment of the indebtedness under the contract, the Debtor granted to Volvo a security interest in the vehicle which was thereafter properly perfected by Volvo by the notation of the lien on the certificate of title to the vehicle. The credit application presented to Volvo by the Debtor at the time of the purchase of the vehicle indicates that the Debtor was at such time a member of the United States Air Force residing in San Antonio, Texas.

At some point subsequent to the purchase, the Debtor's military obligation to the Air Force resulted in his relocation to a duty station in Germany. The Debtor took the subject vehicle with him to Germany in apparent violation of the written terms of his installment contract with Volvo. The Debtor subsequently defaulted on his payment obligations to Volvo as well.

On September 10, 1998, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On October 20, 1998, Volvo filed its motion for relief from automatic stay against the Debtor, asserting various grounds including allegations that its interests in the vehicle were not being adequately protected by the Debtor, that the Debtor had no equity in the vehicle, and that the vehicle was not necessary for the effective reorganization of the Debtor.

Following the filing of a timely objection to the Motion by the Debtor, the Court, with appropriate notice to all affected parties, conducted a hearing on the Motion on November 18, 1998. At the hearing, Volvo appeared and presented evidence in support of the Motion. The Debtor appeared only through his bankruptcy counsel who informed the Court that the Debtor could not appear personally due to the fact that he is now stationed with the United States Air Force in Germany. In support of his argument on behalf of the Debtor that the subject vehicle was necessary for an effective reorganization and that Volvo's interests in that vehicle were adequately protected, the counsel for the Debtor attempted to present testimony of the Debtor by affidavit; however, the Court sustained Volvo's hearsay objection to such proffered testimony since the Debtor was obviously not available for cross-examination. *In re Brown,* 82 F.3d 801, 806 (8th Cir.1996); *In re Roberts,* 210 B.R. 325, (Bankr.N.D.Iowa 1997).

Thus, the state of the evidence as it existed at the conclusion of the parties' presentations to the Court would have ordinarily entitled Volvo to prevail on its Motion. However, it was uncontested that the Debtor's inability to appear at the hearing in opposition to the Motion was due to his military obligations in Germany. Thus, at the conclusion of the hearing, the Court on its own initiative raised the issue of the potential applicability of The Soldiers' and Sailors' Civil Relief Act of 1940, (the "Act"), 50 U.S.C.App. §§ 501–593, which the parties had failed to address in any respect, and the Court questioned whether the Act impacted either the evidentiary problems created by the Debtor's inability to appear or the Court's ability to conduct the hearing at all. Because of the potential impact which this issue could have on the ruling in this contested matter, the Court gave the parties a period of seven days to submit to the Court additional briefing regarding whether the Act applied and the effect of any such application.

■ Volvo submitted such a memorandum which asserted, as one might expect, that the Act should not apply to protect the Debtor

from the prosecution of this contested matter. Surprisingly, however, the Debtor filed nothing and at no time during the pendency of this matter has the Debtor even attempted to invoke in any respect the protections afforded by the Act. However, as specified below, a court may still exercise discretion to determine the applicability of the Act, even in the absence of an application for stay by the serviceman. Thus, because of the impact which the application of the Act would have, not only upon whether the hearing in this particular contested matter could be properly conducted, but also possibly upon the future administration of the case, the Court has chosen to consider whether to apply the Act to this contested matter, notwithstanding the failure of the Debtor even to attempt to invoke its protections.

## II. *Conclusions of Law.*

■■■ The Soldiers' and Sailors' Civil Relief Act has protected the legal rights of American military personnel for almost sixty years. Its purpose, since its enactment in 1940, is "to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation" and under the Act "provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service...." 50 U.S.C.App. § 510. Though the Act was initially enacted in contemplation of the hardships imposed upon persons suddenly drafted into military service, its protective provisions are applicable to all military personnel on active duty, including career servicemen. *Conroy v. Aniskoff,* 507 U.S. 511, 515, 113 S.Ct. 1562, 1565, 123 L.Ed.2d 229 (1993). The Act is to be liberally construed in favor of protecting the interests of persons serving in the military and "is to be administered as an instrument to accomplish substantial justice which requires an equitable consideration of the

rights of the parties to the end that their respective interests may be properly conserved." *Engstrom v. First National Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995), citing *New York Life Ins. Co. v. Litke,* 181 Misc. 32, 45 N.Y.S.2d 576, 582 (1943).

There are two means by which a stay of civil proceedings may be invoked under the Act for the protection of persons in military service. § 521 of the Act provides that:

[A]t any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant[1], during the period of such service or within sixty days thereafter **may,** in the discretion of the court in which it is pending, on its own motion, and **shall,** on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. (emphasis added).

As stated earlier, the Debtor has not applied for the protections provided by the Act. Therefore, the Court must determine whether to proceed on its own initiative to exercise its discretion to apply the Act for the Debtor's protection, notwithstanding the Debtor's silence.

Volvo asserts that the Court need not reach that issue because the Debtor is ineligible for the protections provided by the Act under the circumstances of this case. Because the Debtor was already a member of the United States Air Force at the time he executed this contract, Volvo claims that § 517 of the Act precludes any application of the Act to protect the interests of the Debtor in this matter. § 517 provides, in relevant part, that:

[N]othing contained in this Act shall prevent ... the repossession, retention, fore-

---

1. Although the literal language of § 521 speaks of applying the Act to actions in which a person in military service is "either plaintiff or defendant," those party designations are not strictly construed and the Act has been applied to those who are "petitioners, respondents, movants or intervenors," *Shire v. Superior Court In and For*

*Greenlee County,* 63 Ariz. 420, 162 P.2d 909 (1945), and the Act has been applied to protect both bankruptcy debtors, *In re Ladner,* 156 B.R. 664 (Bankr.D.Colo.1993), and creditors. *In re A.H. Robins Co., Inc.,* 996 F.2d 716 (4th Cir. 1993).

closure, sale, forfeiture, or taking posses-sion of property which is security for any obligation or which has been purchased or received under a contract, lease, or bail-ment, pursuant to a written agreement of the parties thereto ... executed during or after the period of military service of the person concerned....

However, Volvo's analysis is misfocused and its reliance on § 517 is misplaced. Volvo assumes that it is the Act which is preventing the repossession of the vehicle and the fore-closure of its security interest when, in reali-ty, it is the automatic stay invoked under 11 U.S.C. § 362 by the serviceman's bankruptcy filing which is precluding those activities. Thus, the question of the applicability of the Act is properly focused upon § 521 and whether this Court believes that it should exercise its discretion under the Act to stay a hearing to determine whether relief from the automatic stay should be granted when the debtor fails to appear in his own defense at such hearing, ostensibly because of his mili-tary commitments overseas.

 Such discretion should not be exer-cised lightly. Since it was the serviceman-debtor who invoked this Court's jurisdiction and the protections provided by the automat-ic stay by the filing of a voluntary petition under Chapter 13, the Court is immediately faced with the undesirable prospect that the exercise of its discretion on behalf of this debtor under these circumstances would be-tantamount to authorizing his use of the Act as a sword against creditors rather than as a shield. For obvious reasons, courts have not tolerated such a result. *Engstrom*, 47 F.3d at 1462, citing *Slove v. Strohm*, 94 Ill.App.2d 129, 236 N.E.2d 326, 328 (1968). Thus, this Court must be satisfied that its discretionary application of the Act will accomplish sub-stantial justice in light of the rights of both parties.

 Yet the Court cannot exercise that discretion in a vacuum. It becomes incum-bent upon someone to present evidence to the Court upon which the Court can conclude that its discretionary application of the Act is needed to accomplish substantial justice as between the parties. The Act itself provides no direction as to which party should present such evidence and the United States Su-preme Court, in a case decided soon after the Act's enactment, chose to

... refrain from declaring any rigid doc-trine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come ... We think the ultimate discretion in-cludes a discretion as to whom the court may ask to come forward with facts need-ful to a fair judgment....

*Boone v. Lightner*, 319 U.S. 561, 569–70, 63 S.Ct. 1223, 1228–29, 87 L.Ed. 1587 (1943). In the application of that standard, this Court believes that, within the context of a bankruptcy case initiated by a serviceman-debtor under which creditor actions to pro-tect their own interests are stayed until relief is granted by the bankruptcy court, the bankruptcy court should not exercise its dis-cretion to apply the Act absent the presenta-tion of some evidence by the serviceman-debtor from which the Court could legiti-mately infer that his rights are being materi-ally affected by his military service or that the applicability of the Act will otherwise promote the interests of substantial justice.

 The Debtor in this case has wholly failed to present any evidence upon which this Court can properly base the exercise of its discretion to apply the Act to this contest-ed matter. No evidence has been presented by the Debtor regarding his military assign-ment to Germany and how that relates, chro-nologically and otherwise, to the filing and prosecution of this case. No evidence has been presented by the Debtor that he cannot physically be present in this court within a reasonable period of time nor whether he has even engaged in efforts to obtain leave from his superiors in order to return to the States to deal with this matter. Nor has the Debtor shown what attempts, if any, were made by him to address the evidentiary problems which would inevitably arise in the defense of contested matters within his bankruptcy case if, in fact, his physical presence in court is precluded by his military assignment. Thus, this Court is left to its own speculation as to these issues and such speculation, no matter

**314**

how perspicacious, is an insufficient basis upon which to deny this creditor, through the Court's *sua sponte* application of the Act, the rights to which such creditor would otherwise be entitled.

■ Accordingly, the Court will not exercise its discretion to apply the Act in the absence of the Debtor's request. In the absence of the protections provided by the Act, the Court finds that the Debtor has wholly failed to present any evidence to sustain the burden of proof imposed upon him by 11 U.S.C. § 362(g)(2) with regard to the Motion for Relief from Stay brought by Volvo. The Court finds that, based upon the stipulation of the parties, the Debtor does not have an equity in the subject vehicle and the Court further finds that, based upon the Debtor's failure to sustain his burden to prove otherwise, the vehicle is not necessary to an effective reorganization of this Debtor.

Therefore, the Court orders that the Motion of Volvo Car Finance, Inc. for Relief the Automatic Stay is granted and the automatic stay is hereby terminated as to the 1994 Chevrolet Corvette under the provisions of 11 U.S.C. § 362(d)(2).

An order will be entered which is consistent with this opinion.