**In re Artie LEWIS, Elizabeth Lewis, a/k/a Elizabeth A. Lewis, a/k/a Elizabeth Robinson, Debtors.**

**Allfirst Bank, f/k/a First National Bank of Maryland, Plaintiff,**

v.

**Artie Lewis, Elizabeth Lewis, Defendants.**

**Bankruptcy No. 97–5–1033–JS.**
**Adversary No. 97–5258–JS.**

United States Bankruptcy Court, D. Maryland.

Jan. 5, 2001.

Martin B. Brown, Baltimore, MD, for debtors.

Jay V. Strong, Jr., Baltimore, MD, for plaintiff.

Charles R. Goldstein, Chapter 7 Trustee, Baltimore, MD.

### *MEMORANDUM OPINION DENYING DEBTORS' MOTION FOR STAY OF PROCEEDINGS*

JAMES F. SCHNEIDER, Bankruptcy Judge.

This matter came before the Court upon the defendants' motion for stay of proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940. For the stated reasons, the motion will be denied.

*FINDINGS OF FACT* On January 27, 1997, the debtors filed a voluntary, joint petition under Chapter 7 of the Bankruptcy Code. On April 29, 1997, First National Bank of Maryland, now known as Allfirst Bank, filed the instant complaint to determine the dischargeability of debts. Several scheduling conferences were continued either as a result of the requests of de-

fense counsel or the failure of the defendants to appear. On September 4, 1997, a pre-trial scheduling conference was conducted at which time this Court established deadlines for the filing of a status report and the completion of discovery.

By status letter dated December 9, 1997, the debtors requested that the proceedings be stayed as a result of the active military service of Mr. Lewis who was then on active duty stationed in Korea. Mrs. Lewis was also in Korea with her husband. By status letter dated January 12, 1998, debtors' counsel again requested a stay of the proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940. 50 U.S.C.App. § 501 et seq.

On July 22, 1998, the debtors filed a motion pursuant to the Soldiers' and Sailors' Civil Relief Act, in which a stay of proceedings was formally requested, "pending the completion of [Sgt. Lewis's] overseas active duty assignment." The motion requested that the stay be imposed as to Mrs. Lewis as well.

On August 17, 1998, this Court entered an order [P. 30] staying proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act, until such time as the debtors were no longer subject to the provisions of

the Act. Thereafter, this Court requested periodic status reports in an effort to determine Mr. Lewis's military status and location.

According to a status letter submitted by debtors' counsel on June 30, 1999, the debtors have resided in the United States since at least March, 1999. Upon learning of his clients' return to the United States, debtors' counsel did not so advise the Court despite his knowledge that the proceedings were stayed until Mr. Lewis's overseas assignment was complete. The letter informed the Court that Mr. Lewis was stationed at Fort Bliss in El Paso, Texas, and that Mrs. Lewis had returned to her home in Nashville, Tennessee. Another pre-trial scheduling conference was scheduled for September 9, 1999, then postponed to September 21, 1999, at which time debtors' counsel failed to appear. The hearing was rescheduled for December 1, 1999, upon this Court's order to show cause why debtors' counsel failed to appear. After that hearing, the parties filed opposing briefs.

 **CONCLUSIONS OF LAW** Under the Soldiers' and Sailors' Civil Relief Act of 1940 (the "Act")[1], 50 U.S.C.A. app. § 501 *et seq.*, a stay of civil proceedings

---

1. The purpose of enacting the Act of is set forth in Section 510:

> In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act [sections 501 to 591 of this Appendix] remains in force.

50 U.S.C. app. § 510. The Act applies to all those serving in the military, including those who are career military personnel. *Conroy v.*

*Aniskoff,* 507 U.S. 511, 515, 113 S.Ct. 1562, 1565, 123 L.Ed.2d 229 (1993). It is also applicable to those who are primarily or secondarily liable on a claim with the person in military service. In this regard, Section 513 of the Act provides, in pertinent part:

> (1) Whenever pursuant to any of the provisions of this Act [sections 501 to 591 of this Appendix] the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment, or decree, or the performance of any other act, may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, accommodation makers, and others, whether primarily or secondarily subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended.

50 U.S.C. app. § 513(1).

against persons on active duty in the American military may be granted in the sound discretion of a court upon a showing that the applicants' military status inhibits or prevents them from preparing, maintaining or presenting an adequate defense to the pending action. The stay in question is governed by the provisions contained in Section 521 of the Act.[2] Such a stay is not automatic by reason of one's military personnel status, but must be justified by a sufficient showing of prejudice if the civil action is allowed to proceed. *Royster v. Lederle,* 128 F.2d 197 199 (6th Cir.1942). In *Boone v. Lightner,* 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587 (1943), the Supreme Court held that a continuance should not be granted upon the mere showing that a party is on active duty in the military. *Boone,* 319 U.S. at 565, 63 S.Ct. at 1226, 87 L.Ed. 1587. *See also, Deacon v. Witham,* 131 Misc.2d 217, 218, 499 N.Y.S.2d 317, 319 (1985). Rather, the trial court must determine whether, in its discretion, the party's defense will be materially affected as a result of military service. *Boone,* 319 U.S. at 565, 63 S.Ct. at 1226, 87 L.Ed. 1587. *See also Robin Farms, Inc. v. Bartholome,* 989 S.W.2d 238 (Mo.App.1999) (While a continuance under the Act is triggered by a showing that the movant is in military service, "a motion for continuance . . .is not self-proving or evidence of its contents."); *Hackman v. Postel,* 675 F.Supp. 1132 (N.D.Ill.1988) ("Courts denying motions for stays under § 521 have noted that mere contentions of unavailability, without affirmative representations that leave to attend the trial was sought . . . and refused, are insufficient to warrant the imposition of [a stay]."); *Tabor v. Miller,* 389 F.2d 645 (3d Cir.1968) (Where the serviceman never stated that it would be impossible for him to appear at trial or that a trial be held to accommodate his leave, the district court did not abuse its discretion in denying a postponement.).

■ The Soldiers' and Sailors' Civil Relief Act is applicable to bankruptcy proceedings. *Toyota Motor Credit Corp. v. Montano (In re Montano),* 192 B.R. 843, 844 (Bankr.D.Md.1996); *Duggan v. Franklin Square Nat. Bank,* 170 F.2d 922 (2d Cir.1948). "The Act has been applied to protect both bankruptcy debtors, *In re Ladner,* 156 B.R. 664 (Bankr.D.Colo.1993), and creditors. *Anderson v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), Inc.,* 996 F.2d 716 (4th Cir.1993)." *In re Burrell,* 230 B.R. 309, 312 (Bankr.E.D.Tex. 1999). *See* Bruce White and William L. Medford, "The Soldiers' and Sailors' Relief Act—Are You Stayed From Obtaining Relief From the Automatic Stay?", 18–MAR AM. BANKR. INST. J. 23 (March, 1999). It is proper to apply the Act to bankruptcy because a bankruptcy case is a civil proceeding conducted under the supervision of the district court and it includes as bankruptcy proceedings any events that occur in the bankruptcy case. *In re Symington,* 209 B.R. 678, 684 n. 4 (Bankr.D.Md.1997); *The Baltimore Sun Co. v. Astri Investment Management & Securities Corp. (In re Astri Investment. Management & Securities Corp.),* 88 B.R. 730, 736 (D.Md. 1988). The Act is therefore applicable to the instant adversary proceeding brought by the plaintiff in the debtors' bankruptcy case to determine the dischargeability of a debt owed by the debtors.

■ "The granting of a discharge in bankruptcy does not affect a pending com-

---

**2.** § 521. Stay of proceedings where military service affects conduct thereof

 At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

50 U.S.C. app. § 521.

**436**

plaint to determine dischargeability of debt, because the relief requested in the complaint is that one or more debts be excepted from discharge. *See* Fed. R.Bankr.P. 4007. However, because the granting of a discharge is incompatible with a pending complaint to completely deny a discharge, a complaint objecting to discharge may not be maintained after a discharge has been granted, without first seeking to strike the discharge if the Code permits. *See* Fed.R.Bankr.Proc. 4004(a)." *Wright v. Asbury (In re Asbury),* 250 B.R. 59, 65–6 (Bankr.D.Md.2000). Therefore, the filing of the instant complaint to determine the dischargeability of a single debt is not affected by the granting to the debtors of a discharge in the meantime. The issue of the debt's dischargeability, until resolved, will prevent the debtors from obtaining a discharge as to the one outstanding debt that is the subject of the instant complaint. If the complaint is stayed by reason of the Soldiers' and Sailors' Civil Relief Act, the debt remains undischarged unless and until the complaint reaches a resolution in the debtors' favor. In this sense, it is in the debtors' own interest to have the complaint decided, also assuming that the debtors are able to mount a valid defense to it.

■■■ The Soldiers' and Sailors' Civil Relief Act provides no guidance on the issue of which party bears the burden of proof. *See, Boone,* 319 U.S. at 569–570, 63 S.Ct. at 1228–1229. The Supreme Court has yet to address the issue.[3] However, on a case by case basis, courts should impose the burden of proof upon whichever party is in the best position to show either that the applicant for the stay will be prejudiced by proceeding with the action or whether the applicant has im-

properly used the Act to prolong the controversy. In the instant case, it is the defendant-debtor who is in possession of the information needed to show that his defense will be materially affected by his military service. This he has failed to do.

■■■ This Court was correct in staying the instant proceeding while the debtor was on active military duty outside the United States, because his inability to be present at trial and to aid counsel in preparing a defense amounted to obvious and palpable prejudice. *Contra, In re Burrell,* 230 B.R. 309 (Bankr.E.D.Tex.1999) (In denying a stay under the Act, the bankruptcy court did not address the question of debtor's unavailability to defend a motion for relief from automatic stay while on active military duty outside the United States.). *Cf. Federal Credit Union v. Diaz (In re Diaz),* 82 B.R. 162 (Bankr.M.D.Ga.1988) (While an indefinite stay under the Act was denied to a soldier-debtor who was stationed in Germany on grounds of bad faith, nevertheless the bankruptcy court set a trial date in an adversary proceeding to determine dischargeability of debt six months in advance to allow the debtor time to return to the United States to prepare for trial.). However, since the debtor's return to this country, he has failed to place before this Court any evidence to demonstrate that his defense will be materially affected by his military service. Both Mr. and Mrs. Lewis failed to notify the Court immediately upon Mr. Lewis's relocation to Texas. In addition, no evidence was produced to establish that Mr. Lewis could not be present to defend the complaint within a reasonable time and with reasonable notice. There is no evidence that Mr. Lewis ever attempted to obtain leave from military service while he was stationed in Texas in order to proceed

3. In *Boone,* the Supreme Court refrained from propounding a hard and fast rule assigning the burden of proof under the Act. Rather, the Court expressed the belief that the courts called upon to use their discretion in such cases "will usually have enough sound sense to know from what direction their information should be expected to come." 319 U.S. at 569, 63 S.Ct. at 1228. The Court held that

the declaration of a rigid doctrine would defeat Congress's intention to make the stay of a proceeding discretionary. Therefore, the Court stated, "We think the ultimate discretion includes a discretion as to whom the court may ask to come forward with facts needful to a fair judgment." 319 U.S. at 570, 63 S.Ct. at 1229.

with the instant complaint. Instead, the debtors stated as a foregone conclusion that Mr. Lewis's military service materially affected his defense. The debtors failed to provide any evidence indicating in what ways his defense has been affected by his military service. The protections afforded to Mrs. Lewis under the Act as a person primarily or secondarily liable along with her soldier spouse must be applied in a consistent fashion with his treatment so as to affect the rights of claimants to no greater extent than is necessary to effectuate the purposes of the Act. *Royster.* 128 F.2d at 200. Therefore, because there has been no showing that Mr. Lewis' military service affects in a material way his ability to defend himself against Allfirst, Mrs. Lewis is not entitled to a stay either.

Wherefore, the debtors' motion for a stay of the instant adversary proceeding pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 will be denied and a scheduling order will be entered forthwith, setting a trial date, while allowing sufficient time for Mr. Lewis to obtain leave from his military duties to engage in discovery and to prepare for and attend a trial on the merits of the instant complaint.

ORDER ACCORDINGLY.